**PRATT & WHITNEY AIRCRAFT DIVISION OF UNITED AIRCRAFT CORPORATION, FLORIDA RESEARCH AND DEVELOPMENT CENTER, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 19233.

United States Court of Appeals
Fifth Circuit.

Dec. 11, 1962.

Joseph C. Wells, Washington, D. C., Reilly & Wells, Washington, D. C., of counsel, for petitioner.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Jules H. Gordon, Atty., Stuart Rothman, Gen. Counsel, Rosanna A. Blake, Atty., N. L. R. B., Washington, D. C., for respondent.

Before JONES and BELL, Circuit Judges, and CARSWELL, District Judge.

GRIFFIN B. BELL, Circuit Judge.

This case is before the court on the petition of appellant Pratt & Whitney to review and set aside an order and decision of the National Labor Relations Board.[1] In answer, the Board requests enforcement of the order. Jurisdiction is based on § 10(e) and (f) of the National Labor Relations Act. 29 U.S.C.A. § 160(e) and (f). The Board ordered reinstatement of and back pay for a former employee of appellant on the premise that appellant failed to rehire him because of his testimony in a previous Board proceeding, thereby violating § 8(a) (4) and (1) of the Act as amended. 29 U.S.C.A. § 158(a) (4) and (1).

The General Counsel offered testimony from which the following facts could be taken as established. The employee in question was hired by the company in August of 1958 as a water treatment operator. He was at the time offered a choice of two jobs, the other being that of a plater. He had extensive previous experience and a good record in this latter capacity with another concern. Shorty after beginning work, he was called to the security office of the company where he explained certain dis-

---

I. Reported 133 N.L.R.B. No. 10; 1961, C.C.H., N.L.R.B., Par. 10, 353.

crepancies in his employment application. He had omitted to mention a petty larceny conviction many years before, and also claimed that he had graduated from high school when he had not. He signed a letter admitting these discrepancies, and nothing more was said of the matter. He continued to work for the company.

In October 1959, he testified for the General Counsel in an unfair labor practice case brought against the company.[2] His testimony was damaging. At the close of his testimony the hearing was adjourned at the request of the company, and the case was settled. Three employees were reinstated with back pay under the settlement, and one displaced the employee here by virtue of seniority. There is no contention that this displacement and resultant lay off was discriminatory.

The employee, on the same day, asked to be transferred to the plating department of the company. He was told by a personnel officer that he would be considered for the job and need not fill out a new application form. The next day a plating department supervisor told an union official that he would be glad to hire a man with the experience of twelve years that the employee had. Having heard nothing, his application for a job as a plater was then brought to the attention of appellant through the medium of informal grievance meetings at the request of union representatives on three occasions. The pat answer received was that appellant would be glad to give him a job as plater, or any other job for which he was qualified, as soon as an opening occurred. Time passed and the lay off continued.

He filed a formal application for employment in either of the aforementioned positions in February, 1960. He was told that there were no openings but that he would be called when there was an opening. During March, 1960, he noticed two advertisements being run in local newspapers by appellant for platers. In answer to a letter of inquiry, he was advised that there were no positions open for a person of his experience and qualifications but that he would be given further consideration in the event an appropriate opening occurred. Appellant stipulated that there were openings for competent platers throughout. A plater who was hired during the time in question testified. He had two years of experience.

Subsequently, the president of the union had a number of talks with the personnel manager of appellant company about rehiring the employee. The upshot was that, as far as the company was concerned, he was not qualified for the jobs that were available. The filing of the present charge followed.

Appellant offered no evidence, but stood on a motion to dismiss previously filed. The position taken was that the employee was not rehired because of his character record in connection with the original application for employment, and that the General Counsel failed to prove the alleged discrimination. The trial examiner sustained the motion to dismiss on the ground that the allegations in the complaint had not been sustained by a preponderance of the evidence.

The Board, on review, disagreed with the conclusions of the trial examiner and adopted his findings only to the extent that they were consistent with its decision and order. The order of the Board was made on the record and in the light of the finding of the trial examiner that the employee was in the main sincere and truthful. Under such circumstances our task is to determine, from the record as a whole, whether there is substantial evidence to support the conclusion of the Board that appellant failed and refused to rehire the employee because he gave testimony in the prior proceeding against appellant.

■ We are not concerned with a reversal by the Board of credibility find-

2. Board case No. 12–CA–908.

ings of the examiner, ordinarily entitled to special weight, for such is not the case. Cf. N. L. R. B. v. Truck Drivers & Helpers Local Union, 5 Cir., 1956, 228 F. 2d 791. And the attempt to attack the credibility of the subject employee will not do in the absence, as is true here, of a compelling reason. N. L. R. B. v. West Point Mfg. Co., 5 Cir., 1957, 245 F.2d 783; and N. L. R. B. v. The Newton Company, 5 Cir., 1956, 236 F.2d 438. See N. L. R. B. v. Miami Coca-Cola Bottling Company, 5 Cir., 1955, 222 F.2d 341 where there was a compelling reason.

 We move then to an analysis of the evidence which supports the finding of the Board, bearing in mind that the burden of proving discriminatory acts by the employer is and remains upon the General Counsel, and the employer need not justify action against an employee so long as it does not result from union activities. N. L. R. B. v. Miami Coca-Cola Bottling Co., supra. But the burden of giving an adequate explanation for failure to rehire employees may be imposed upon the employer where the evidence gives rise to an inference of discrimination. The rule in this circuit was stated in N. L. R. B. v. Winter Gardens Citrus Prod. Coop., 5 Cir., 1958, 260 F.2d. 913, 916:

> "It is not and never has been the law that the board may recover upon failure of the respondent to make proof. The burden is on the board throughout to prove its allegations, and this burden never shifts. It is, of course, true that if the board offers sufficient evidence to support a finding against it, a respondent * * stands in danger of having such a finding made unless he refutes the evidence which supports it."

The employee was acceptable to appellant when he was hired. In fact he was given a choice of positions. Later appellant found that he had made false statements in his employment forms but, after setting the record straight, his employment was continued for many months. This tends to prove that he was an acceptable employee up to the time of the first unfair labor practice hearing. After testifying and being laid off, he made numerous efforts, all unsuccessful, to go back to work. The reasons given by appellant for not rehiring him were that there were no openings, and later that he was not qualified. The reason in substance urged on the motion to dismiss after the hearing as the motivating cause for the failure to rehire him was his falsification of the employment application.

 In short, the evidence forming the basis of the inference of discriminatory treatment of the employee was his prior adverse testimony, his competence and experience as a plater, the failure of appellant to hire him as a plater in spite of the need for platers, the shifting reasons given by appellant for not rehiring him, and the failure to give the employee at any time the reason now assigned as the motivating cause. Of course, this evidence was susceptible of two inferences but the inference drawn by the Board as to the motivating cause was that the employee had testified against appellant. This is the function of the Board and is not a matter for the court in an enforcement proceeding where the inference drawn is amply supported. N. L. R. B. v. Nabors, 5 Cir., 1952, 196 F.2d 272; N. L. R. B. v. Robbins Tire & Rubber Co., 5 Cir., 1947, 161 F.2d 798. And see N. L. R. B. v. Walton Mfg. Co., 1962, 369 U.S. 404, 82 S.Ct. 853, 7 L.Ed.2d 829.

 The conclusion reached by the Board was not an unusual one. Magnolia Petroleum Co. v. N. L. R. B., 5 Cir., 1952, 200 F.2d 148; Stokeley Foods, Inc. v. N. L. R. B., 5 Cir., 1952, 193 F.2d 736; and N. L. R. B. v. International Furniture Co., 5 Cir., 1952, 199 F.2d 648. And it is not within our province to displace the choice of the board between two fairly conflicting views. N. L. R. B. v. Truck Drivers & Helpers Local Union, supra; and Universal Camera Corp. v. N. L. R. B., 1951, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456.

We conclude that the findings and order of the Board are supported by substantial evidence viewed on the record as a whole. The petition to review and set aside the order is denied. The prayer to enforce the order is granted.