**DUBIN–HASKELL LINING CORP.,**
**Petitioner,**

**v.**

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 10242.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 3, 1967.

Decided Nov. 10, 1967.

Richard E. Miller, New York City (Margolies & Miller, New York City, on brief), for petitioner.

Elliott Moore, Atty., N.L.R.B. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Robert A. Giannasi, Atty., N.L.R.B., on brief), for respondent.

Before HAYNSWORTH, Chief Judge, and SOBELOFF, BOREMAN, BRYAN, WINTER, CRAVEN and BUTZNER, Circuit Judges.

WINTER, Circuit Judge:

In Dubin-Haskell Lining Corp. v. National Labor Relations Board, 375 F.2d 568 (4 Cir. 1967), a panel of this Court granted enforcement in part, and denied enforcement in part, of an order of the National Labor Relations Board. The order concerned a certain Fred Cox, an employee in the shipping department of the company. The Board found that Cox had been interfered with, restrained and coerced in the exercise of his § 7 rights, in violation of § 8(a) (1) of the Act, that Cox had been improperly discharged for union activities, in violation of § 8(a) (3) and § 8(a) (1) of the Act, and that Cox had been refused reinstatement as an employee because he had filed unfair labor practice charges, in violation of § 8(a) (4), and ordered appropriate relief. The panel sustained

the Board's conclusions with reference to the § 8(a) (1) coercion violation, but set aside the Board's findings with regard to the § 8(a) (3) and § 8(a) (1) discharge violation, and the § 8(a) (4) violation.

Thereafter, the Board petitioned for rehearing or, in the alternative, for rehearing en banc, *limited to the § 8(a) (4) violation.* Rehearing en banc was ordered.[1] Upon rehearing, we conclude that the portion of the opinion of the panel setting aside the Board's findings that § 8(a) (4) of the Act was violated should be withdrawn, that the findings should be sustained, and that the portion of the Board's order granting relief based thereon enforced.

Briefly stated, the facts are that Cox was discharged on Saturday, July 25, 1964. Three days later, Cox filed charges with the Board, alleging that the company had violated the Act by terminating his employment for union activity, and by other acts and conduct which interfered with, restrained and coerced employees in the exercise of their statutory rights. The next day, the company was served with a copy of the order, at its Collierville, Tennessee office.

On July 30, Cox telephoned Jones, the plant manager, and asked if he could see him. Jones consented, and Cox went to Jones' home.

What transpired at the meeting was the subject of conflicting testimony. The trial examiner found, and his finding was adopted by the Board, that Cox told Jones that he was there to see him about getting his job back, and that Jones told Cox that the home office would not let him hire Cox back because Cox had filed a charge against them. Cox told Jones that he would drop the charges if Jones would give him his job back. Jones told Cox that Droxell (another manufacturer in Moscow, Tennessee) had called him about an application Cox had made for employment, that he (Jones) could not

recommend Cox, and that Cox should not have hopes of ever getting back to work for the company. Cox further inquired of Jones whether Jones had talked to the home office in New York. Jones replied that he would do so, but that Cox should not have any hopes of ever getting back to work with the company. Accordingly, the trial examiner concluded that Jones had revealed that the company " * * * was not and would not consider Cox for reemployment because Cox had filed unfair labor practice charges"—conduct in violation of § 8(a) (4) of the Act.

Cox did testify as the trial examiner found, but Jones testified to the contrary. He claimed that he refused to reinstate Cox for the same reasons that Cox was discharged, although the record is not clear that he communicated the reason for the refusal to Cox. He testified further that his only reference to Cox's having filed unfair labor practice charges was that Cox could not drop the charges before the investigation had been made. Jones was specific in stating that Cox was the one who brought up the subject of the charges, but that he, Jones, did not. The trial examiner found, from Jones' testimony and a previous inconsistent affidavit, from his demeanor as a witness, and from his testimony as a whole, that Jones' testimony was not reliable and, accordingly, did not credit his version of the incident.

■■ Matters of credibility are essentially questions for a trial examiner and the Board. Demeanor as a witness is an important element affecting credibility, but one which is not reflected in the ordinary transcript. There is, however, in this case, an affidavit of Jones which, at the hearing before the trial examiner, Jones admitted was true and correct at the time it was made. In the affidavit, Jones stated that Cox arrived at Jones' home at 4:30 P.M. on July 29 and asked for his job back. It continued,

---

1. While the Court granted rehearing en banc without specification as to the issues to be considered, the briefs of the company and the Board concern themselves solely with the § 8(a) (4) violation. On oral argument, counsel placed principal stress on this issue. We see no occasion, therefore, to reexamine the other aspects of the panel's decision.

"I told him that in view of his filing charges that I couldn't possibly rehire him. Cox said he had nothing to do with any union and offered to withdraw the charges." Thus, the record as a whole discloses not only a conflict between the testimony of Cox and that of Jones, but also a previous inconsistent version by Jones of his oral testimony at the hearing. The findings and conclusions of the trial examiner are thus supported by substantial evidence and must, under these circumstances, be accepted.

 From the premise that Jones disclosed the company's reason for not considering Cox for reemployment was because he had filed unfair labor practice charges, it necessarily follows that § 8(a) (4) of the Act was violated. By its terms, that section makes it an unfair labor practice for an employer "to discharge or otherwise discriminate against an employee because he has filed charges or given testimony under this Act." In the cases which have considered this section it has been held that the "otherwise discriminate" provision of § 8(a) (4) includes a refusal to reinstate and that, in either a case of discharge or a refusal to reinstate, the employer's motive is the decisive factor. If an employer terminates or refuses employment because the employee has filed charges with, or testified before, the Board, the employer's action violates that section; but if an employer is motivated by lawful considerations, as, for example, the employee's poor work record, the employer's action is not prohibited. National Labor Relations Board v. Whitfield Pickle Company, 374 F.2d 576 (5 Cir. 1967); Iowa Beef Packers, Inc. v. National Labor Relations Board, 331 F.2d 176 (8 Cir. 1964); Pratt & Whitney Aircraft Division, etc., v. National Labor Relations Board, 310 F.2d 676 (5 Cir. 1962); National Labor Relations Board v. Lamar Creamery Co., 246 F.2d 8 (5 Cir. 1957); National Labor Relations Board v. Syracuse Stamping Co., 208 F.2d 77 (2 Cir. 1953); and John Hancock Mut. Life Ins. Co. v. National Labor Relations Board, 89 U.S.App.D.C. 261, 191

F.2d 483 (D.C. Cir. 1951). Here, the trial examiner, whose finding of fact is supported by the record considered as a whole, found that the company's motivation was discriminating. Accordingly, we grant enforcement of the portion of the Board's order remedying the § 8(a) (4) violation.

Enforcement granted in part.

BOREMAN, Circuit Judge (dissenting):

I dissent. With respect to the alleged section 8(a) (4) violation I adhere to the decision of the panel as reported in Dubin-Haskell Lining Corp. v. N.L.R.B., 375 F.2d 568 at pages 574 and 575 (4 Cir. 1967).

Judge BRYAN has authorized me to state that he joins in this dissent.