### NATIONAL LABOR RELATIONS BOARD v. DIXON.

No. 14147.

United States Court of Appeals
Eighth Circuit.

May 18, 1951.

George J. Bott, General Counsel, National Labor Relations Board, David P. Findling, Associate General Counsel, A. Norman Somers, Asst. General Counsel, and Frederick U. Reel, Dominick Manoli and Julius G. Serot, Attorneys, National Labor Relations Board, all of Washington, D. C., for petitioner.

Harry A. Hall, Kansas City, Mo., for respondent.

Before SANBORN and THOMAS, Circuit Judges.

PER CURIAM.

This Court granted the petition of the National Labor Relations Board for the enforcement of its order, which is referred to in our opinion in this case, 184 F.2d 521. The respondent, Dixon, had asserted that he was no longer in business and was unable to comply with the order. This Court said: "The extent to which compliance with the order of the Board presently may be exacted can, we think, properly be left to the Board." At page 523 of 184 F.2d.

The Board has now filed a motion for an order requiring the respondent to produce, and to permit the Board to inspect, his

books and records and to enable the Board to take the testimony of the respondent and others for the purpose of ascertaining his financial ability to comply with the requirement that he reimburse certain of his former employees for their loss of wages.

The respondent asserts that, under Missouri law, the order prayed for by the Board in its motion is unauthorized; and that he is unable to meet the back-pay requirements of the order the enforcement of which was granted, and will have to file a petition in bankruptcy. The respondent also denies the authority of the Board to represent his former employees who are affected by that order. He asks that the motion of the Board be denied or held in abeyance pending the filing of proceedings in bankruptcy.

Since this Court left to the Board the question of determining the extent of the respondent's ability to comply with the Board's order, we can see no impropriety in ordering the respondent to furnish the Board with information sufficient to enable it to decide the question. As we said in the opinion, "The respondent cannot, of course, be required to do the impossible." Enabling the Board to procure the information called for by its motion seems preferable to attempting to settle the controversy in any contempt proceedings which might be brought.

The motion of the Board is granted.