NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

Ephraim HASPEL, Respondent.

No. 68, Docket 23287.

United States Court of Appeals
Second Circuit.

Submitted Nov. 7, 1955.

Decided Dec. 20, 1955.

Theophil C. Kammholz, Gen. Counsel, David P. Findling, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Elizabeth W. Weston and Alice Andrews, Attys., National Labor Relations Board, Washington, D. C., for petitioner.

Roy Guthman and George E. Reynolds, New York City, for respondent.

Before CLARK, Chief Judge, and LUMBARD and WATERMAN, Circuit Judges.

PER CURIAM.

The facts are set forth in the decision of the Labor Board, 109 N. L. R. B. No. 8. Respondent, an individual employer of about fifteen persons, performs finishing operations on garments supplied by other firms. After being approached by a representative of Local 66 of the International Ladies Garment Workers Union, who requested that he sign a contract with that organization, respondent interrogated his employees, who stated that they did not wish to become members of Local 66. Respondent, then realizing that, in order for him to continue receiving contract work from unionized employers, his employees would have to become members of some union, put to them a choice between an independent

Shop Union and Local 66. The employees then formed a Shop Union at a meeting at which Haspel's foreman was present, and Haspel promptly recognized it. The Board found violations of §§ 8(a) (2) and (1) of the Labor Management Relations Act, 29 U.S.C. §§ 158(a) (2) and (1), in Haspel's contribution of financial and other support to the Shop Union. Such support consisted of making his premises available for union meetings, paying officers of the Shop Union for time spent in consulting a legal advisor, permitting notices of Shop Union meetings to be posted on Haspel's bulletin board, and granting prompt recognition to the Shop Union. The Board, however, dismissed an allegation charging domination of the Shop Union.

In reaching its decision the Board did not accept the conclusions of the trial examiner, who had dismissed the complaint in its entirety on the grounds that the "Shop Union was not instigated by the Respondent but evolved from a situation in the New York City garment industry with which the employees were familiar" and found that there was no justification for the allegations of instigation, assistance, and domination. There was, however, no dispute over the basic facts, but only over the resulting conclusions of law, where the report of the trial examiner is not definitive. See Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 496, 71 S.Ct. 456, 95 L.Ed. 456. The determinations here reached by the Board fall within the area of its special competence and are clearly authorized by the statute. See N. L. R. B. v. Hearst Publications, 322 U.S. 111, 64 S.Ct. 851, 88 L.Ed. 1170; N. L. R. B. v. Pinkerton's Nat. Detective Agency, 9 Cir., 202 F.2d 230; Independent Emp. Ass'n of Neptune Meter Co. v. N. L. R. B., 2 Cir., 158 F.2d 448, certiorari denied 333 U.S. 826, 68 S.Ct. 449, 92 L.Ed. 1112. In view of the statutory policy to promote and preserve the independence of labor organizations, we find the conclusion of the Board fully justified.

There is no merit to respondent's contention that, since the question has been rendered "academic" by reason of his going out of business, we ought not to grant enforcement of the Board's order. N. L. R. B. v. Somerset Classics, Inc., 2 Cir., 193 F.2d 613, 616, certiorari denied Modern Mfg. Co. v. N. L. R. B., 344 U.S. 816, 73 S.Ct. 10, 97 L.Ed. 635. The present status of the business is material only on the matter of compliance with our decree, and the Board will naturally not require action now impossible for respondent to perform. N. L. R. B. v. Acme Mattress Co., 7 Cir., 192 F.2d 524, 528.

Enforcement granted.