**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**LAMAR CREAMERY COMPANY,**
Respondent.
No. 16361.

United States Court of Appeals
Fifth Circuit.
June 21, 1957.

Kenneth C. McGuiness, Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Owsley Vose, Edward D. Friedman, Attys., N. L. R. B., Stephen Leonard, Asso. Gen. Counsel, Washington, D. C., for petitioner.

J. F. McLaughlin and O. B. Fisher of Fisher, McLaughlin & Harrison, Paris, Tex., for respondent.

Before RIVES, JONES and BROWN, Circuit Judges.

RIVES, Circuit Judge.

This petition is for enforcement of an order of the National Labor Relations Board reported in 115 N.L.R.B. 1113.[1] The Board found that, in denying employment to Elmer Clyde Owen, respondent violated Section 8(a) (1), (3), and (4) of the Act.[2] It found that the controlling motivations for respondent's action were that it believed that Owen had been an active union member, and that he had recently given testimony against a former employer in an unfair labor practice proceeding.

Respondent, opposing enforcement of the Board's order, insists: I., that its finding that respondent denied employment to Owen because he had so testified against his former employer, or because he was an active union member, is not supported by substantial evidence on the record considered as a whole; II., that Section 8(a) (1) and (3) of the Act are not applicable, and that Section 8(a) (4) does not extend to the hiring of applicants for employment; III., that the Board erred in refusing to permit testimony that respondent had sold its plant; and, IV., that the order of the Board and the notice required to be posted are too broad in scope.

█ No useful purpose would be served by detailing the evidence already set forth at length in the report of the Board's decision and order, and which convinces us that its findings are supported by substantial evidence on the record considered as a whole.

We agree heartily with the sentiment, recently expressed by the Second Circuit that,

"Unless there is a clear Congressional mandate to the contrary the Board should be required to utilize every resource at its command to

1. Jurisdiction of this Court is vested by Section 10(e) of the National Labor Relations Act, 29 U.S.C.A. § 160(e).

2. "§ 158. Unfair labor practices
"(a) It shall be an unfair labor practice for an employer—
"(1) to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 157 of this title;
* * * * *

"(3) by discrimination in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any labor organization * * *;
"(4) to discharge or otherwise discriminate against an employee because he has filed charges, or given testimony under this subchapter * * *." 29 U.S.C.A. § 158(a) (1), (3) and (4).

protect witnesses * * * who have been placed in jeopardy because the Board has required them to appear and give testimony." Pedersen v. National Labor Relations Board, 234 F.2d 417, 420.

■■ We can see no sufficient reason to deny application to the facts of this case of Sections 8(a) (1) and 8(a) (3) of the Act. This Court is already committed to the proposition that "the word 'employee' is broad enough to include, and does include, a job applicant who is discriminately denied employment in violation of § 8(a) (3)." National Labor Relations Board v. George D. Auchter Co., 5 Cir., 209 F.2d 273, 277. Nor, in view of the underlying purposes of the Act, and of the broad definition of "employee" in Section 2(3)[3], see Phelps Dodge Corporation v. National Labor Relations Board, 313 U.S. 177, 191–192, 61 S.Ct. 845, 85 L.Ed. 1271, do we have any difficulty in agreeing with the District of Columbia Circuit that an applicant for employment should be treated as an "employee" within the meaning of Section 8 (a) (4). John Hancock Mutual Life Ins. Co. v. National Labor Relations Board, 89 U.S.App.D.C. 261, 191 F.2d 483, 485. We further agree with that decision that the words "or otherwise discriminate" as used in that subsection include discrimination in regard to the hiring of an employee. To the same effect, see National Labor Relations Board v. Syracuse Stamping Co., 2 Cir., 208 F.2d 77, 80.

■ After the Board had ordered a further hearing before the Trial Examiner limited to additional cross-examination of Owen by the respondent, the respondent offered to prove that it had gone out of business and had sold all of its assets. The Trial Examiner, however, refused to receive any evidence upon the subject of the sale. If the Board's order has become impossible of enforcement by reason of such claimed changed conditions, that is a matter for later proof before the Board, and its consideration at this time is premature. National Labor Relations Board v. Talladega Cotton Factory, 5 Cir., 213 F.2d 209, 217–218, 40 A.L.R.2d 404.

■ The Board found but one narrow unfair labor practice or violation of the Act, namely, that respondent refused to hire Owen because he had given testimony under the Act or because of union membership or union activities. Part 1 (b) of its Order,[4] is not supported by the findings, is too broad, and as to that part of the order we deny enforcement. See National Labor Relations Board v. Express Publishing Co., 312 U.S. 426, 433, 61 S.Ct. 693, 85 L.Ed. 930; May Dept. Stores Co. v. National Labor Relations Board, 326 U.S. 376, 392, 66 S.Ct. 203, 90 L.Ed. 145; Hughes Tool Co. v. National Labor Relations Board, 5 Cir., 147 F.2d 69, 75, 158 A.L.R. 1165.

Otherwise the order is enforced.

Enforced.

---

3. "The term 'employee' shall include any employee, and shall not be limited to the employees of a particular employer, unless this subchapter explicitly states otherwise, and shall include any individual whose work has ceased as a consequence of, or in connection with, any current labor dispute or because of any unfair labor practice, and who has not obtained any other regular and substantially equivalent employment." 29 U.S.C.A. § 152 (3).

4. Ordering that respondent and its officers, agents, successors, and assigns shall cease and desist from:

"In any other manner interfering with, restraining, or coercing its employees in the exercise of the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, to file charges, or give testimony under the Act, to engage in concerted activities for the purpose of collective bargaining or other mutual aid or protection, or to refrain from any or all such activities except as such rights may be affected by a valid agreement requiring membership in a labor organization as a condition of employment in accordance with Section 8(a) (3) of the Act."