270 F.2d 864
 MORRISON-KNUDSEN, INC., Henry J. Kaiser, Macco Corporation
and B. Perini & Sons, d/b/a Kings River
Constructors, Petitioners,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
MORRISON-KNUDSEN, INC., Henry J. Kaiser, Macco Corporation
and B. Perini& Sons, d/b/a Kings River
Constructors, Respondents.
 No. 16301.
 United States Court of Appeals Ninth Circuit.
 Aug. 10, 1959.
 
 Allen, De.garmo & Leedy, Seth W. Morrison, Gerald DeGarmo, Seattle, Wash., for petitioners.
 Thomas J. McDermott, Associate General Counsel, Jerome D. Fenton, General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, Fannie M. Boyls, Morton Namrow, Attorneys, Department of Justice, Washington, D.C., for respondent.
 Before STEPHENS, BAZELON and HAMLIN, Circuit Judges.
 BAZELON, Circuit Judge.
 
 
 1
 In this case the National Labor Relations Board, after hearing on a complaint, found the petitioning employers guilty of an unfair labor practice and issued an order granting specific relief and prohibiting certain practices. The employers seek to set aside the order; the Board seeks enforcement.
 
 
 2
 The employers were engaged in the construction of a power house on the Kings River, approximately sixty miles east of Fresno, California. They had entered into informal arrangements with various union local representative in Fresno whereby the unions supplied much of the manpower needed at the construction project. The lawfulness and propriety of this arrangement was recognized by the Board. However, the complaint alleged that the employers had refused to hire a certain job applicant solely because he had been denied 'clearance' by the union which had been supplying workers for the kind of job which he sought. It is undisputed that such conduct constitutes a violation of section 8(a)(1) and (3) of the National Labor Relations Act[1] in that it interferes with the right of employees to refrain from performing union obligations and encourages union membership.
 
 
 3
 The Board adopted the findings of the trial examiner, supporting the allegations of the complaint. The employers contend that these findings are not supported by substantial evidence on the whole record. Upon a careful review of the record we conclude that the Board's resolution of the various conflicts in the evidence was not unreasonable and that the evidence is sufficient to support the Board's findings. See, e.g., National Labor Relations Board v. Imparato Stevedoring Co., 3 Cir., 1957, 250 F.2d 297.
 
 
 4
 The order issued by the Board granted reinstatement and back pay to the complaining witness and directed the employers to cease and desist from the practice of conditioning employment upon union 'clearance.' In addition the order prohibited the employers from violating section 8(a)(1) and (3) 'in any other manner.' The employers contend that this order is too broad in scope. We agree.
 
 
 5
 The evidence tended to establish that the employers' general practice was to condition employment upon union 'clearance.' However, there was no evidence indicating that petitioners had in the past been guilty of any unlawful conduct prohibited by the Board order other than this practice. Other forms of encouragement of union membership and loyalty may not 'fairly be anticipated' from the mere existence of a practice of this sort. See National Labor Relations Board v. Express Pub. Co., 1951, 312 U.S. 426, 435, 61 S.Ct. 693, 85 L.Ed. 930; see also National Labor Relations Board v. Lamar Creamery Co., 5 Cir., 1957, 246 F.2d 8; National Labor Relations Board v. Geigy Co., 9 Cir., 1954, 211 F.2d 553, 559. It is well to bear in mind that a 'court of appeals should not become a labor court of first instance by virtue of its contempt powers.' International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, General Drivers and Helpers, Local No. 554, A.F.L.-C.I.O. v. National Labor Relations Board, 1958, 104 U.S.App.D.C. 359, 262 F.2d 456, 463.
 
 
 6
 Accordingly, we modify the Board's order by limiting the prohibition against the employers to 'encouraging membership in and activities on behalf of International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America, Local No. 431, or any other labor organization, by refusing employment to applicants unless they obtain clearance by such labor organization.'
 
 
 7
 We grant the Board's petition for enforcement of its order as so modified.[2]
 
 
 
 [1]
 49 Stat. 452 (1935), as amended, 29 U.S.C.A. 158, which provides, in pertinent part, as follows:
 '(a) It shall be an unfair labor practice for an employer--
 '(1) to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 7.
 '(3) By discrimination in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any labor organization: * * *'
 Section 7, 49 Stat. 452, as amended, 29 U.S.C.A. 157, provides, in pertinent part, as follows:
 'Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, and shall also have the right to refrain from any or all of such activities * * *.'
 
 
 [2]
 That portion of the order relating to reinstatement of the complaining witness obviously contemplates further administrative action. See Home Beneficial Life Ins. Co. v. National Labor Relations Board, 4 Cir., 1949, 172 F.2d 62. The Board concedes that it must view the matter of reinstatement in the light of the present situation with respect to the availability of jobs