NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

Rosalia KOSTILNIK, Executrix of the Estate of Michael Kostilnik, d/b/a Pacific Baking Company, Respondent.

No. 17121.

United States Court of Appeals
Third Circuit.

Submitted Dec. 16, 1968.

Decided Jan. 16, 1969.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Washington, D. C., (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Michael N. Sohn, Thomas Silfen, Attys., NLRB, on the brief), for NLRB.

Michael Hahalyak, Robert T. Salera, Pittsburgh, Pa., for respondent.

Before SEITZ, ALDISERT and STAHL, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

The National Labor Relations Board, pursuant to section 10(e) of the National Labor Relations Act, 29 U.S.C. § 160(e) (1964), has petitioned this court for enforcement of an order based on findings by the trial examiner that the respondent violated certain provisions of section 8 of the Act, 29 U.S.C. § 158 (1964), more specifically:

(1) *Section 8(a) (1)* by threatening employees for joining or assisting a union, Bakery and Confectionery Workers' International Union of America, Local No. 12, by promising benefits to employees to induce them to renounce the union, and by "coercively interrogating" an employee concerning his attitude toward the union;

(2) *Section 8(a) (3) and (1)* by discharging several employees because of their membership in or activities on behalf of the union; and

(3) *Section 8(a) (5) and (1)* by refusing to recognize and bargain with the union.

The Board's unreported order directed respondent to cease and desist from the unfair labor practices found, to post specified notices on the premises, to offer discharged employees reinstatement with back pay, to preserve and make available any business records necessary to compute back pay and, upon request, to recognize and bargain with the union as the representative of the respondent's employees.

Respondent did not file any exceptions to the findings and recommendations of

the trial examiner, which were thereupon adopted as the order of the Board on November 27, 1967, pursuant to section 10(c) of the Act, 29 U.S.C. § 160(c) (1964). In its answer to the Board's petition for summary enforcement of the order by this court, respondent alleged that it is "no longer in business and will not continue in said business." [1] The issue thus raised is whether the Board's order is mooted, in whole or in part, by the allegation that respondent has discontinued its business operations.[2]

The question of mootness of a Board order was raised in NLRB v. Weirton Steel Co., 135 F.2d 494 (3d Cir. 1943), where the respondent-company had voluntarily dissolved and ceased to exist. There we held that the order would be enforced upon the successors of the respondent in order to fulfill the purposes of the Act. We hold here that the policy of the Act does not require a different result based upon the alleged factual distinction that the business of the respondent has ceased and there appears to be no successor. In so doing we join the Second Circuit which, in similar circumstances, said: "There is no merit to respondent's contention that, since the question has been rendered 'academic' by reason of his going out of business, we ought not to grant enforcement of the Board's order." NLRB v. Haspel, 228 F.2d 155, 156 (2d Cir. 1955), accord, NLRB v. Lamar Creamery Co., 246 F.2d 8 (5th Cir. 1957); NLRB v. Electric Steam Radiator Corp., 321 F.2d 733 (6th Cir. 1963); [3] NLRB v. Acme Mattress Co., 192 F.2d 524 (7th Cir. 1951);

---

1. The full answer of respondent was as follows:

 Respondent Rosalia Kostilnik avers that the above proceeding and petition are moot for the reason that the said Pacific Baking Company is no longer in business and will not continue in said business. This fact of its non-existance [sic] was brought to the attention of all the parties in this proceeding and for this reason no action had been taken in the way of exceptions to the decree, etc. Our review of the record fails to disclose any indication that respondent went out of business prior to the date of the trial examiner's decision. The record does show some threats by respondent to go out of business, and the trial examiner does state in his decision (p. 5) that on January 26, 1967, respondent discontinued the retail store and restaurant which were conducted as an adjunct to the West Mifflin, Pennsylvania, bakery which distributed baked goods at wholesale. It would appear, therefore, that the complete termination of the business, alleged by the respondent, must have occurred some time between October 23, 1967, the date of the trial examiner's decision, or November 27, 1967, the date of the Board's order, and respondent's undated answer to the Board's petition received by this court on February 27, 1968.

2. Because we find no merit in respondent's mootness contention, we need not decide whether her failure to raise this issue before the Board bars its consideration by this court as could well be the case here. See NLRB v. International Union of Operating Eng'rs, Local 66, 357 F.2d 841, 847 (3d Cir. 1966). Section 10(e) of the Act provides, in part, that: "No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances." 29 U.S.C. § 160(e) (1964). Respondent did not assert any extraordinary circumstances to excuse such failure.

3. The Sixth Circuit may have departed from its holding in *Electric Steam Radiator* in NLRB v. Schnell Tool & Die Corp., 359 F.2d 39 (6th Cir. 1966). We are more persuaded by the reasoning of the prior case, and *Schnell* may be distinguished by that court's concern that there was no entity against which an order could be entered. Even though the court expressed this concern, it did enforce the back pay provision of the Board's order. In still a later case in the Sixth Circuit, NLRB v. Gilmore Down River Chevrolet, Inc., 56 CCH Lab.Cas. ¶ 12,139, 65 L.R.R.M. 3151 (6th Cir. August 4, 1967, No. 18,040), the court in a *per curiam* order remanded an enforcement petition to the Board to determine impossibility of compliance, a procedure we believe to be cumbersome and not in accord with the dictates of Southport Petroleum Co. v. NLRB, 315 U.S. 100, 62 S.Ct. 452, 86 L.Ed. 718 (1942).

NLRB v. Dixon, 184 F.2d 521 (8th Cir. 1950).[4]

 We conclude that the fact that a respondent has terminated its business is irrelevant in a petition by the Board for immediate and full enforcement of an order: NLRB v. Lamar Creamery Co., supra 246 F.2d at 10. Moreover, the courts should not recommit the order for consideration by the Board of respondent's allegations of impossibility of compliance: Southport Petroleum Co. v. NLRB, 315 U.S. 100, 105, 62 S.Ct. 452, 86 L.Ed. 718 (1942).[5] *After* the order is enforced by this court, the Board may determine in a subsequent proceeding whether compliance is fully possible. In any event, impossibility may be raised by respondent as a defense if a contempt action is brought against her by the Board: NLRB v. Dixon, supra 184 F.2d at 523, supplemented in NLRB v. Dixon, 189 F.2d 38, 39 (8th Cir. 1951); NLRB v. Haspel, supra 228 F.2d at 156; Retail Clerks International Ass'n Local 880 v. NLRB, 125 U.S.App.D.C. 63, 366 F.2d 642, 646 n. 8 (D.C.Cir. 1966).

We are in full accord with the Board's declaration of policy [6] in its brief (p. 4) that,

> In order to protect the public interest in prohibiting and discouraging the commission of unfair labor practices, the Board is entitled to have its orders enforced despite claims that the respondent has discontinued operations.

The petition of the Board for enforcement of its order is granted.

---

4. The Eighth Circuit will enforce a Board order against a business no longer in operation if the order contains a presently enforceable requirement such as a back pay award. If there is no back pay requirement, the Eighth Circuit evidently will not enforce an order unless some part of it can be complied with notwithstanding a discontinuance of business. Although we believe this to be an unwieldy procedure, the Eighth Circuit would reach the same result we reach here because of the presence of a back pay order.

5. Contra, NLRB v. Coal Creek Coal Co., 204 F.2d 579 (10th Cir. 1953); NLRB v. Gilmore Down River Chevrolet, Inc., 56 CCH Lab.Cas. ¶12,139, 65 L.R.R.M. 3151 (6th Cir. August 4, 1967, No. 18,-040).

6. An excellent discussion of the chilling effect upon unionism of the kind of unfair labor practices involved here is contained in Darlington Mfg. Co. v. NLRB, 397 F.2d 760 (4th Cir. 1968), cert. denied, 393 U.S. 1023, 89 S.Ct. 632, 21 L.Ed.2d 567.