**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**Thomas McMAHON, d/b/a McMahon's Sales Co., Respondent.**

**No. 23644.**

United States Court of Appeals, Ninth Circuit.

July 2, 1970.

---

**1214**

Herman Levy (argued), Jonathan M. Marks, Arnold Ordman, Dominick L. Manoli, Marcel Mallet-Prevost, NLRB, Washington, D. C., Roy O. Hoffman, NLRB, San Francisco, Cal., for petitioner.

Hermann E. Lorenz, Jr., Sacramento, Cal. (argued), Thomas McMahon, Gladstein, Anderson, Leonard & Sibbett, San Francisco, Cal., Warehousemen's Union Local 17, for respondent.

Before CARTER, HUFSTEDLER, and WRIGHT, Circuit Judges.

PER CURIAM:

In its petition seeking enforcement of its order against respondent, the Board contends that substantial evidence on the record as a whole supports the Board's findings that (1) respondent violated National Labor Relations Act § 8(a) (5) and § 8(a) (1) by refusing to bargain with the union; (2) respondent violated § 8(a) (1) of the Act by unlawfully interrogating and threatening employee Reveles concerning his union activities; and (3) respondent violated § 8(a) (3) and § 8(a) (1) of the Act by discharging Reveles because of his union activities and that Reveles is entitled to reinstatement with back pay.[1]

The first point has become moot since the application for enforcement has been filed with this court, because the respondent has ceased doing business, a fact brought to the court's attention at oral argument. Enforcement of an order to bargain directed to a defunct organization would be futile. That portion of the petition seeking enforcement of the order directed to the claimed section 8(a) (5) and section 8(a) (1) violation is, sua sponte, dismissed. Similarly, no prospective reinstatement shall be required so long as no further business is conducted by the McMahon's Sales Co. enterprise. (*Cf.* Russell Coal & Clay Co. (1967) 165 NLRB No. 128, 1967 CCH NLRB ¶ 21,566; American Auto-Felt Corp. (1966) 158 NLRB 1628, 1966 CCH NLRB ¶ 20,469.)

We have reviewed the record, and we have concluded that it amply sustains the Board's findings relating to respondent's unlawfully interrogating and threatening Reveles and discharging him because of his union activity. Whether or not Reveles is entitled to any backpay and, if so, the amount to which he may be entitled cannot be determined from the record before us. The backpay questions will be considered during compliance proceedings (*Cf.* NLRB v. Local 776, IATSE (Film Editors) (9th Cir.) 303 F.2d 513, 521, cert. denied (1962) 371 U.S. 826, 83 S.Ct. 47, 9 L.Ed.2d 65).

The order of the Board, other than that part of the order directing respondent to bargain, will be enforced.

---

1. The Board's order is reported, 167 NLRB No. 78.