**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**AUTOTRONICS, INC., Respondent.**

**No. 20170.**

United States Court of Appeals, Eighth Circuit.

Dec. 7, 1970.

---

1. Since the entry of the order in question, Chief Judge Gourley has assumed Senior Judge status.

Engineering Corp., 419 F.2d 1303, 1304 (8 Cir. 1970). And see Cap Santa Vue, Inc. v. NLRB, 137 U.S.App.D.C. 395, 424 F.2d 883 (1970); NLRB v. Kostilnik, 405 F.2d 733 (3 Cir. 1969); Webb Tractor & Equip. Co., 181 N.L.R.B. No. 39 (1970).

---

John J. Burgoyne, Atty., N. L. R. B., Washington, D. C., for petitioner.

No brief was filed by counsel for respondent nor was oral argument made by counsel for respondent when the case was presented to the Court for submission on November 18, 1970.

Before MATTHES, Chief Judge, LAY, Circuit Judge, and REGISTER, Chief District Judge.

PER CURIAM.

Finding substantial evidence from the record as a whole, we grant enforcement of the Board's order against Autotronics, Inc. arising from the company's violations of § 8(a) (1) and § 8(a) (5) and (1) of the National Labor Relations Act.

It is alleged by way of answer to the Board's application for enforcement of its order that the company has undergone Chapter XI proceedings in the district court and that new ownership and management have resulted. This fact does not alter this court's jurisdiction to review the merits of the Board's order or to consider enforcement of it. Southport Petroleum Co. v. NLRB, 315 U.S. 100, 62 S.Ct. 452, 86 L.Ed. 718 (1942). The Board may, if necessary, consider in a subsequent proceeding whether it is impossible for the employer against whom the Board's order now runs to comply with enforcement. Cf. NLRB v. Aircraft