492 F.2d 1240
 85 L.R.R.M. (BNA) 2701, 73 Lab.Cas. P 14,380
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
National Labor Relations Board, Petitioner
v.
Local Union 938 et al. of the International Brotherhood of
Electrical Workers, AFL-CIO, Respondents.
Appalachian Power Company, Intervenor.
 No. 73-1852.
 United States Court of Appeals, Fourth Circuit.
 March 19, 1974.
 
 Before RUSSELL, FIELD, and WIDENER, Circuit Judges.
 
 PER CURIAM
 
 1
 This petition is for enforcement of an order of the National Labor Relations Board reported at 200 NLRB No. 125. This Court's jurisdiction is invoked pursuant to Section 10(e) of the National Labor Relations Act, 29 U.S.C. Sec. 151, et seq. The Board found that the respondents, ten local unions of the International Brotherhood of Electrical Workers, AFL-CIO, violated Sec. 8(b)(3) of the N.L.R.A. by refusing to sign an agreed-upon contract. The Board's order requires the Unions to cease and desist from such unlawful conduct, to execute the agreed-upon contract, and to post the usual appropriate notices.
 
 
 2
 The answer filed in this Court does not contest the Board's findings of fact or conclusions of law. It is asserted, however, that the Board's order should be denied on the ground that nine of the ten local unions named in the order have dissolved and merged into successor Local Union No. 978. It is stated that Local Union No. 978 is fully able and willing to comply with the Board's order, but that since the other locals have ceased to exist as legal entities, the Board's order may no longer be enforced against them.
 
 
 3
 It appears that Local Union No. 978 attempted to comply with the Board's order both before and after the filing of this enforcement proceeding. It requested that the Board's order be amended to read Local Union No. 978 for each of the ten bargaining units, and offered to execute the required notices on behalf of the other nine locals. Documentation was offered to prove the merger of the other locals with No. 978. For reasons not clear from the record before us, the Board declined to modify its order or entertain the merits of Local No. 978's claim that the nine other named respondent locals no longer existed. It believes that a final determination of the existence or ability of the nine other original respondents to comply with the Board's order should await compliance proceedings following this Court's anticipated enforcement decree.
 
 
 4
 Despite Local Union No. 978's manifest good faith, the Board is entitled to enforcement of its order. We agree that the potential impossibility of compliance does not prohibit the granting of an enforcement decree which is otherwise appropriate. NLRB v. Lamar Creamery Co. 246 F.2d 8 (5th Cir.1957). "[T]he fact that a respondent has terminated its business is irrelevant in a petition by the Board for immediate and full enforcement of an order * * *. After the order is enforced by this court, the Board may determine in a subsequent proceeding whether compliance is fully possible." NLRB v. Kostilnik, 405 F.2d 733, 735 (3rd Cir.1969) (emphasis present in the original).
 
 
 5
 Accordingly, we dispense with oral argument and grant the Board's application for enforcement of its order.
 
 
 6
 Enforcement granted.