NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

GLOBE SECURITY SERVICES, INC., Respondent.

No. 76–1727.

United States Court of Appeals, Third Circuit.

Argued Jan. 11, 1977.

Decided Feb. 7, 1977.

Bernard Jeweler, Aileen A. Armstrong, Jane P. Schlaifer, John S. Irving, Jr., John E. Higgins, Jr., Carl L. Taylor, Elliott Moore, Washington, D. C., for petitioner.

George A. Burnstein, Kleinbard, Bell & Brecker, for respondent.

Before ROSENN and HUNTER, Circuit Judges, and SNYDER,* District Judge.

JAMES HUNTER, III, Circuit Judge:

The National Labor Relations Board petitions for enforcement of its order directing Globe Security Services, Inc., to bargain with the Union of Security Officers as the exclusive bargaining representative of all Globe employees employed by the Pennsylvania Liquor Control Board's State Stores located in Philadelphia. Globe asks us to deny enforcement of the order, contending that the bargaining unit delineated in the order is inappropriate. Because we dismiss the petition as moot, however, we need not decide the propriety of the bargaining unit.

### I.

Globe is a large firm that provides security guards for stores, plants, and institutions throughout the nation. It has regional headquarters in Philadelphia and supplies guards to about 150 clients at 250 locations in the Delaware Valley. On August 18, 1974, Globe entered a two-year contract, subject to cancellation by either side upon 60 days' notice, to provide guards for the 55 State Liquor Stores in Philadelphia.

On November 4, 1974, the Union of Security Officers petitioned the Board to certify it as the bargaining representative for a unit consisting of all of Globe's guards working at the State Stores—about eighty employees. The Regional Director certified the union's proposed unit as appropriate. Globe petitioned the full Board for review, arguing that the only appropriate unit was one comprising all 1100 Globe guards working in the Philadelphia area. In February, 1975, the Board summarily upheld the Regional Director. The union won the ensuing election, and in March, 1975, the Regional Director certified the union as bargaining representative for the unit involved.

Globe refused to bargain, insisting that the unit was inappropriate. The union filed an unfair labor practice charge, and in June, 1975, the General Counsel moved for summary judgment.

While that motion was pending, Globe cancelled its contract with the State Stores, effective January 1, 1976. This action was, on the record before us, unrelated to the Board proceedings. Instead, it was the result of a new Pennsylvania statute requiring special training for all security guards carrying lethal weapons, which the Globe personnel at the State Stores carried. When the Liquor Control Board refused to reimburse Globe for the additional training required by the statute but not covered under the Globe-Liquor Control Board contract, Globe exercised its contractual right to cancel.

In November, 1975, the Labor Board granted summary judgment against Globe and ordered it to bargain with the unit previously certified. Because Globe stopped providing guards for the State Stores as of January 1, 1976, the certified unit no longer existed; nevertheless, the Labor Board on June 8, 1976, petitioned for enforcement of its bargaining order. Globe

---

* Daniel J. Snyder, Jr., United States District Judge for the Western District of Pennsylvania, sitting by designation.

seeks denial of that petition, not on grounds of mootness, but because the certified unit is inappropriate.

## II.

■ Although the parties vehemently deny that this case is moot, we conclude that it is. *See DeFunis v. Odegaard*, 416 U.S. 312, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974) (parties' agreement that case is not moot does not confer upon federal court jurisdiction to review). Because the Labor Board's order directs Globe to bargain with a unit that, all agree, does not exist, enforcement would be a vain and useless act; our decision could not affect the rights of the parties. *See Oil Workers Unions v. Missouri*, 361 U.S. 363, 367, 80 S.Ct. 391, 4 L.Ed.2d 373 (1960).[1]

The parties offer two possible bases for finding the case not moot. First, they point to *Southport Petroleum Co. v. NLRB*, 315 U.S. 100, 62 S.Ct. 452, 86 L.Ed. 718 (1942); *NLRB v. Colonial Knitting Corp.*, 464 F.2d 949 (3d Cir. 1972); and *NLRB v. Kostilnik*, 405 F.2d 733 (3d Cir. 1969), as authority for the proposition that termination of Globe's contract with the State Stores does not bar a decision in this case. Their reliance upon those cases, however, is misplaced.

*Southport Petroleum, Colonial Knitting*, and *Kostilnik* are part of a long line of cases holding that a Labor Board order may properly be enforced even though the party to whom it is directed claims to have gone out of business. Every case in that line, however, involved one or more factors— none of which is present here—that led the courts involved to conclude that the case had not been mooted. In some, the record simply did not demonstrate that the party in question had in fact gone out of business. *See, e. g., Southport Petroleum, supra*, 315 U.S. at 106, 62 S.Ct. 452; *Colonial Knitting, supra* at 952 n. 10; *NLRB v. Autotronics*,

434 F.2d 651, 652 (8th Cir. 1970) (per curiam) (*semble*); *Kostilnik, supra* at 734 n. 1; *NLRB v. Missouri Transit Co.*, 250 F.2d 261, 263–65 (8th Cir. 1957); *NLRB v. Lamar Creamery Co.*, 246 F.2d 8, 10 (5th Cir. 1957); *NLRB v. Haspel*, 228 F.2d 155, 156 (2d Cir. 1955) (per curiam) (*semble*); *NLRB v. Dixon*, 184 F.2d 521, 523 (8th Cir. 1950); *NLRB v. Weirton Steel Co.*, 135 F.2d 494, 498 (3d Cir. 1943) (entity preserved under state law for purposes of suit). In other cases, the court was concerned with the Board's ability to enforce its order upon the successor or assign—whether sham or not— of the party named in the order. *See, e. g., Southport Petroleum, supra*, 315 U.S. at 106–07, 62 S.Ct. 452; *NLRB v. Family Heritage Home-Beaver Dam, Inc.*, 491 F.2d 347, 350–51 (7th Cir. 1974); *Cap Santa Vue, Inc. v. NLRB*, 137 U.S.App.D.C. 395, 424 F.2d 883, 886 (1970); *Kostilnik, supra* at 734; *NLRB v. Coal Creek Coal Co.*, 204 F.2d 579, 580 (10th Cir. 1953); *NLRB v. O'Keefe & Merritt Mfg. Co.*, 178 F.2d 445, 449 (9th Cir. 1949); *NLRB v. Reynolds Corp.*, 155 F.2d 679, 682 (5th Cir. 1946); *Weirton Steel, supra* at 498. The rest of the cases involved other "tag end" orders, *see Cap Santa Vue, supra* at 886, such as those ordering backpay or reinstatement, which entitled employees to claims against divisions of the employer's business still in operation or to judgments that could be executed against the defunct firm to whatever extent possible; such orders, then, are enforceable in part. *See, e. g., Southport Petroleum, supra*, 315 U.S. at 101–02, 62 S.Ct. 452; *NLRB v. McMahon*, 428 F.2d 1213, 1214 (9th Cir. 1970); *Kostilnik, supra* at 733; *NLRB v. Schnell Tool & Die Corp.*, 359 F.2d 39, 44 (6th Cir. 1966); *NLRB v. Electric Steam Radiator Corp.*, 321 F.2d 733, 734 (6th Cir. 1963); *Coal Creek Coal Co., supra* at 580; *NLRB v. Acme Mattress Co.*, 192 F.2d 524, 528 (7th Cir. 1951); *Dixon, supra* at 523; *Reynolds Corp., supra* at 682.

---

1. In effect, the parties are asking us to render an advisory opinion concerning the propriety of a client-specific bargaining unit carved out of the total personnel roster of a security agency supplying guards to hundreds of regional

clients. We are without jurisdiction to deliver such advisory opinions. *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971) (inability of federal courts to review

None of those factors [2] is present here to keep enforcement of the Board's order from being meaningless. The record before this court clearly shows that the unit with which Globe was ordered to bargain no longer exists. Because Globe did not transfer its State Store business to any "successor or assign," but instead lost it to a competitor, there is no successor firm against which the Board's order could operate. And the order involves no questions of backpay, reinstatement or the like. It is a bare bargaining order. Since compliance with it is clearly impossible, enforcement would be meaningless. Thus, we will not enforce the order, because enforcement would entail rendering an advisory opinion. See McMahon, supra at 1214 (refusal, on grounds of mootness, to enforce bargaining order directed to a defunct organization); Cap Santa Vue, supra at 886 (order enforced only to the extent that sale of business has not made performance impossible); Schnell Tool & Die, supra at 44 (Board must determine that order is enforceable in practice before seeking judicial enforcement); NLRB v. Grace Co., 184 F.2d 126, 130–31 (8th Cir. 1950) (if cessation of business renders performance of order impossible, enforcement would be inappropriate).

The second reason the parties suggest for finding the case not moot is of even less moment: there is presently pending before the Board an additional unfair labor practice complaint involving the same unit determination before us in this case. Suffice it to say that this additional case and the questions therein are not yet ripe for review. See 29 U.S.C. § 160(e), (f) (only final orders of the Board enforceable or reviewable). See generally 3 K. Davis, Administrative Law Treatise § 21.04 (1958).

moot cases derives from Article III jurisdictional requirement of case or controversy).

2. It is true that some of the cases noted in the text contain broad *dicta* that could be read to mean that possibility of performance is a matter solely for the Labor Board, and therefore, that all orders would be enforced, whether the court could determine that compliance was impossible or not. See, e. g., NLRB v. Haspel, 228 F.2d 155, 156 (2d Cir. 1955). To the extent

We are without power to render an advisory opinion on a question simply because we may have to face the same question in the future. See SEC v. Medical Committee for Human Rights, 404 U.S. 403, 406–07, 92 S.Ct. 577, 30 L.Ed.2d 560 (1972); Samoff v. Building & Construction Trades Council, 475 F.2d 203, 205 n. 4 (3d Cir.), vacated as moot, 414 U.S. 808, 94 S.Ct. 151, 38 L.Ed.2d 44 (1973) (request for preliminary injunction against picketing, pending Board resolution of unfair labor practice charge).

For the foregoing reasons, the petition for enforcement will be dismissed as moot.

that such dicta conflict with the rule forbidding advisory opinions, they have no persuasive force. At all events, they are usually found in cases where the record did not clearly show that the employer had gone out of business, indicating that the court merely left oversight of the enforced order to subsequent Board proceedings on the issue of compliance. See, e. g., NLRB v. Autotronics, Inc., 434 F.2d 651, 652 (8th Cir. 1970).