19 F.3d 11
 146 L.R.R.M. (BNA) 2192
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
SUZY CURTAINS, INCORPORATED and Lorraine Home Fashions of
China, Respondent.
 No. 93-1317.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 6, 1993.
Decided March 3, 1994.
 
 On Application for Enforcement of an Order of the National Labor Relations Board.
 Frederick Charles Havard, Supervisory Attorney, National Labor Relations Board, Washington, D.C., for petitioner.
 William Melvin Haas, III, Haynsworth, Baldwin, Johnson & Harper, Macon, Ga., for respondent.
 On Brief: Jerry M. Hunter, General Counsel, Yvonne T. Dixon, Acting Deputy General Counsel, Nicholas E. Karatinos, Acting Associate General Counsel, Aileen A. Armstrong, Deputy Associate General Counsel, Robert N. Herman, National Labor Relations Board, Washington, D.C., for petitioner. Gretchen B. Gleason, Haynsworth, Baldwin, Johnson & Greaves, P.A., Greenville, S.C., for respondent.
 N.L.R.B.
 REMANDED.
 Before RUSSELL and WIDENER, Circuit Judges, and NORTON, United States District Judge for the District of South Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 In a Decision and Order, the National Labor Relations Board (the "Board") affirmed the judgment of an administrative law judge ("ALJ"), finding respondent Suzy Curtains, Inc. ("Suzy") and Lorraine Home Fashions of China ("Lorraine") (collectively "Respondent") guilty of unfair labor practices ("ULPs"), in violation of various sections of the National Labor Relations Act, 29 U.S.C. Secs. 151-169. The Board has filed a petition for enforcement of its Decision and Order. We remand the case to the Board for consideration of two threshold issues.
 
 
 2
 Respondent owned and operated a business, based in Charlotte, North Carolina, that imported, sewed, warehoused and distributed draperies. On October 12, 1989, the Board certified the Amalgamated Clothing and Textile Workers Union, AFL-CIO-CLC (the"Union") as the official collective-bargaining representative of a bargaining unit consisting of certain of Respondent's employees. Negotiations commenced toward a collective-bargaining agreement. Such an agreement, however, was never consummated.
 
 
 3
 The Union filed ULP charges against Respondent with the Board. Following a hearing, ALJ Philip P. McLeod issued a recommended Decision dated October 4, 1991, finding that Respondent had committed the ULPs charged. While a petition signed by a majority of the bargaining unit's members indicated that the Union no longer enjoyed majority support, the ALJ recommended that, because Respondent had committed ULPs, the Union's certification year be extended by one year. The ALJ also recommended that Respondent be ordered to cease and desist from engaging in the various ULPs, that a reprimand that had been issued improperly to one of Respondent's employees who supported the Union be revoked and treated as a nullity, and that an appropriate notice be posted. On December 16, 1992, the Board issued a Decision and Order ("Order") adopting the ALJ's recommended findings and rulings in full, with the exception that the Board's Order extended the Union's certification year by only six months. Suzy Curtains, Inc., 309 N.L.R.B. 184 (1992).
 
 
 4
 The Board petitions this Court for enforcement of its Order. Respondent raises two defenses[1] to enforcement of the Board's Order, unrelated to the validity of the Order on the merits, which it urges must be addressed before any determination can and should be made regarding enforcement. First, Respondent contends that the ULP charges against Suzy, underlying the case at bar, have been settled. On August 28, 1991, Suzy was sold to Charlotte Curtains, Inc. ("Charlotte"). On October 7, 1992, Charlotte, as successor to Suzy, and the Union entered into a settlement agreement." While the settlement agreement itself makes reference only to" cases before the Board involving charges of ULPs brought by the Union against Suzy, other than the instant case, with docket numbers 11-CA-14596 and 11-CA-14706 (collectively "Suzy II ")," Respondent submits that it was clearly understood between the parties that all cases regarding Charlotte Curtains would be settled." Resp't Reply Br. 13. Respondent's interpretation is confirmed by the wording of the notice required to be posted by the agreement and by a letter authored by a Union representative.
 
 
 5
 The second threshold issue relates to the continuing vitality of the bargaining unit. In December of 1992, Charlotte closed the facility out of which the ULPs involved in the instant case arose. Charlotte and Suzy have now ceased all operations and only 40 warehouse and distribution employees remain with Lorraine. It is urged that the remaining Lorraine employees no longer constitute an appropriate bargaining unit as to which the continuing bargaining obligation should apply. Apparently, this question is now before the Board in Suzy II.
 
 
 6
 We believe it appropriate to remand this case to the Board for the Board to consider these issues.[2] See NLRB v. Jones & Laughlin Steel Corp., 331 U.S. 416, 428 (1947) ("where [a] matter [affecting mootness] is one involving ... disputed facts ..., a remand to the Board is ordinarily in order"). First, the Board must determine whether the settlement agreement entered into by the Union and Charlotte was intended to resolve the unfair labor practice charges involved in the case at bar. If it was, then, with the exception of the continuing bargaining obligation, the Board's Order, at least as to Suzy, is invalid.[3] Second, the Board must determine whether the bargaining unit continues to exist. If it does not, then the Board must consider the extent to which that renders its Order moot. See NLRB v. Globe Sec. Servs., Inc., 548 F.2d 1115 (3d Cir.1977).
 
 
 
 [1]
 Respondent initially filed a motion with this Court raising the second issue discussed in the text below, but we denied the motion, directing Respondent instead to raise the issue as a defense to enforcement in its Reply Brief
 Respondent has now raised both issues discussed in the text as defenses to enforcement. Respondent moves the Court to allow it to file as attachments to its Reply Brief exhibits in support of its position. This motion is granted.
 
 
 [2]
 The Board argues that section 10(e) of the National Labor Relations Act, 29 U.S.C. Sec. 160(e), precludes Respondent from raising the argument that the certified bargaining unit no longer exists. Section 10(e) provides, in pertinent part: "No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances." 29 U.S.C. Sec. 160(e). However, "the failure of [R]espondent to raise [a] then non-existent issue before the Board [does] not deprive the court ... of power to consider the issue once it did come into existence." NLRB v. Jones & Laughlin Steel Corp., 331 U.S. 416, 427-28 (1947). Thus, a court will consider "circumstances [that] arise after the Board's Order has been issued which may affect the propriety of enforcement of the order...." Id. at 428. Mootness of an order clearly affects the propriety of enforcement of that order. See NLRB v. Raytheon Co., 398 U.S. 25, 27 (1970); Jones & Laughlin Steel Corp., 331 U.S. at 428. "[A]n enforcement proceeding [is] moot [only where] a party can establish that 'there is no reasonable expectation that the wrong will be repeated.' " Raytheon Co., 398 U.S. at 27 (quoting United States v. W. T. Grant Co., 345 U.S. 629, 633 (1953))
 Because Respondent states only that the dissolution of the bargaining unit occurred in December 1992 and the Board's Order was issued on December 16, 1992, we cannot be sure that the claimed dissolution actually occurred prior to the issuance of the Board's Order. Nevertheless, given the proximity in time, we think the dissolution of the bargaining unit, if true, is aptly characterized as a change in circumstance which occurred after the case was submitted to, and, realistically, decided by, the Board. Further, the dissolution of the bargaining unit, if true, constitutes a change in circumstances which would render enforcement of the
 Board's Order moot. NLRB v. Globe Sec. Servs., Inc., 548 F.2d 1115 (3d Cir.1977); see Jones & Laughlin Steel Corp., 331 U.S. at 428. Therefore, this issue is properly before this Court.
 Moreover, the issue of the continuing vitality of the bargaining unit is currently before the Board in Suzy II, which, as noted in the text, involves the same parties as does the case at bar. We see no reason to proceed, and every reason not to proceed, where a subsequent action by the Board may render an order of this Court effectively an advisory opinion. See Globe Sec. Servs., Inc., 548 F.2d at 1118.
 In sum, under the circumstances, we deem it appropriate to consider Respondent's argument.
 
 
 [3]
 The Board correctly argues that the mere fact that the ULPs underlying the case at bar may have been settled in a manner satisfactory to the Union does not mean that the Board's six-month extension of the Union's certification year, a remedy the Board imposed because of the ULPs, is inappropriate. Therefore, on remand, if the Board should determine that the settlement agreement encompasses the ULPs underlying the case at bar, the Board should amend its Order accordingly, but the six-month extension of Union certification could still appropriately be imposed