**BOLIVAR TEE'S MANUFACTURING COMPANY, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 01–1478.

United States Court of Appeals, District of Columbia Circuit.

April 22, 2003.

Before TATEL and GARLAND, Circuit Judges, and WILLIAMS, Senior Circuit Judge.

*JUDGMENT*

PER CURIAM.

Consolidated with 02–1296

This petition for review and cross-application for enforcement were considered on the briefs and appendix filed by the parties, and were argued by counsel. For the reasons set forth in the memorandum accompanying this judgment, it is

ORDERED and ADJUDGED that the petition for review be denied and the cross-application for enforcement be granted.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

*MEMORANDUM*

The petitioner, Bolivar Tee's Manufacturing Company, challenges the National Labor Relations Board's (NLRB's) findings that petitioner committed a number of unfair labor practices.

We begin with petitioner's oblique suggestion that the Board's order may be moot because petitioner has gone out of business. Petitioner alleges that it was dissolved (without filing for bankruptcy), that there is no successor, and that its assets are now nonexistent. Due to the absence of record evidence supporting these bare assertions, we cannot dismiss the Board's order as moot. *See Cap Santa Vue, Inc. v. NLRB,* 424 F.2d 883, 886 (D.C.Cir.1970). Under these circumstances, we have discretion to enforce the Board's order, leaving it to the Board to determine through its compliance proceedings whether and how the order's provisions can be carried out. *See id.; see also Southport Petroleum Co. v. NLRB,* 315 U.S. 100, 104–05, 62 S.Ct. 452, 86 L.Ed. 718 (1942) (upholding a Court of Appeals decision to enforce a Board order under similar circumstances); *NLRB v. Globe Security Servs., Inc.,* 548 F.2d 1115, 1117 (3d Cir.1977) (discussing a "long line of

**712**

cases holding that a Labor Board order may properly be enforced even though the party to whom it is directed claims to have gone out of business"); *NLRB v. Maywood Plant of Grede Plastics,* 628 F.2d 1, 7–8 (D.C.Cir.1980).

On the merits, we hold that the Board's findings that petitioner committed several unfair labor practices are amply supported by "substantial evidence on the record considered as a whole." 29 U.S.C. § 160(e). Petitioner's arguments to the contrary amount to nothing more than disagreements with the credibility determinations of the administrative law judge. We, however, must uphold such determinations, when adopted by the Board, unless they are "patently unsupportable." *Frazier Indus. Co., Inc. v. NLRB,* 213 F.3d 750, 756 (D.C.Cir.2000). Petitioner raises one challenge to the Board's legal reasoning, arguing that the Board incorrectly identified floor supervisor Dianne Jones, who circulated an anti-union petition to employees, as an agent of the company. We conclude that, in determining that Jones was the company's agent, the Board properly applied common law principles of agency, relying on Jones' apparent authority to act for the company. *See Overnite Transp. Co. v. NLRB,* 140 F.3d 259, 265–66 (D.C.Cir.1998); *see also id.* at 265 (holding that " 'the existence of an agency relationship is a factual matter' " subject only to substantial evidence review (quoting *Local 1814, Int'l Longshoremen's Ass'n v. NLRB,* 735 F.2d 1384, 1394 (D.C.Cir. 1984))).