NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

AIRCRAFT ENGINEERING CORPORA-
TION, and Western, Inc., d/b/a Selb
Manufacturing Company, Respondents.

No. 19637.

United States Court of Appeals
Eighth Circuit.

Jan. 8, 1970.

William J. Avrutis, Atty., N. L. R. B.,
Washington, D. C., for petitioner, Ar-
nold Ordman, Gen. Counsel, Dominick L.
Manoli, Assoc. Gen. Counsel, Marcel
Mallet-Provost, Asst. Gen. Counsel, and
Paul J. Spielberg, Atty., N. L. R. B., on
the brief.

Bernard A. Barken, St. Louis, Mo., for
respondents.

Before MEHAFFY, GIBSON and
HEANEY, Circuit Judges.

PER CURIAM.

The National Labor Relations Board
petitions this Court for enforcement of
its order requiring the respondents to
bargain with Chauffeurs, Teamsters and
Helpers Local No. 878. The decision and
order of the Board is reported at 171
NLRB No. 92, 68 LRRM 1496 (1968).
The respondents concede that the Union
won the election by a vote of 129 to 15,
and admit the refusal to bargain.

They request, however, that
we deny the enforcement because: (1)
the two-plant unit was not an appropri-
ate one; (2) the election was prema-
ture as the employee complement was not
a representative and a substantial one at
the time the election was held; (3) the
election was tainted by Union coercion of
employees; and (4) the Union election-
eered on Company premises during the
election. The respondents also contend
that the Board erred in failing to grant
a formal hearing on the respondents' ob-
jections to the election and in basing
its decision on the Director's investiga-
tion.

We enforce the Board's order. The
two plants were interrelated ones in
which employees performed substantially
the same functions. They shared com-
mon ownership, officers and Directors
who established policies as to wages and
working conditions. At the time of the
election, 192 employees were employed in
representative classifications and there

was no substantial showing that the employee complement would be significantly increased during the foreseeable future. In our view, no substantial or material issues of fact were raised with respect to the respondents' contention that the election should be set aside for Union coercion or electioneering. It was, thus, unnecessary for the Board to hold a formal post-election hearing on these objections.

 Counsel for the respondents stated, at oral argument, that both plants had been closed for economic reasons. He did not contend, however, that the closing mooted the issues presented to this Court. Under such circumstances, " * * * [t]he extent to which compliance with the order of the Board presently may be exacted can, we think, properly be left to the Board. * * * ". National Labor Relations Board v. Dixon, 184 F.2d 521, 523 (8th Cir. 1950).