**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**LABORERS INTERNATIONAL UNION OF NORTH AMERICA, AFL–CIO, LOCAL 282, and Alberici-Fruin-Colnon, Respondents.**

No. 77–1217.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 14, 1977.

Decided Dec. 28, 1977.

2. Because of our decision, we find it unnecessary to discuss the section 8(b)(1)(A) violation.

**834**

John S. Irving, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Carl L. Taylor, Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, Robert G. Sewell and Chris W. Katzenbach (argued), Washington, D. C., on brief, for petitioner, N. L. R. B.

James E. Spain, Bloomfield, Mo., argued for respondent, Laborers Intern. Union of North America, Local 282.

Samuel C. Ebling (argued), John B. Lewis and James E. Robertson, St. Louis, Mo., on brief, for respondent, Alberici-Fruin-Colnon.

Before HEANEY, WEBSTER and HENLEY, Circuit Judges.

HEANEY, Circuit Judge.

The National Labor Relations Board petitions for the enforcement of its order requiring the Laborers International Union of North America, AFL–CIO, Local 282, and Alberici-Fruin-Colnon (AFC), a joint venture engaged in the construction of an aluminum reduction plant, to take remedial action for various unfair labor practices. The Board's decision and order is reported at 226 N.L.R.B. No. 198, 94 L.R.R.M. 1159 (1977).

The Board found that Local 282 had caused AFC to discharge Bobby Lloyd Jackman from his position as general foreman because of his efforts to oust the incumbent leadership of Local 282 and to obtain a new election of Union officers. It further found that Local 282 threatened employees with retaliation and physical assault in an effort to discourage employees from circulating a petition for a new election of Union officers. One employee was physically assaulted and threatened by representatives of Local 282 in the presence of other employees because of his activities in preparing and circulating the petition. The Board also found that AFC knew Jackman was involved in a dispute with the business manager of the Union. Despite this knowledge, AFC neither protested nor inquired into the reasons for the Union's request to discharge Jackman, and it acquiesced in the demand that Jackman be terminated.

The Board concluded that the Union had violated § 8(b)(1)(A) of the National Labor Relations Act and that AFC had violated § 8(a)(1) of the Act. It ordered the Union and AFC to cease and desist from the unfair labor practices it found and from interfering with the employees exercise of rights guaranteed by the Act. It required the Union to notify AFC in writing that it had no objection to the employment of Jackman in his former position as general foreman on the AFC project and to request that Jackman be reinstated. It required the Union and AFC to make Jackman whole for any loss of earnings he may have suffered by reason of the discrimination against him. The Union was to be primarily responsible for reimbursement. It finally required that appropriate notices be posted.

No objection to the order is entered by the Union. Nor does AFC object to the substantive finding of the Board that it violated § 8(a)(1) of the Act by acquiescing in the demand made by the Union representatives that Jackman be discharged from his position as general foreman.

However, AFC does raise the following contentions in this enforcement proceeding:

(1) that the charge against the joint venture should be dismissed because it was procured by solicitation and misrepresentation;

(2) that the charge against the joint venture should have been dismissed upon the request of Jackman;[1] and

(3) that the Board's application for enforcement of its order should be denied because it is impossible for the joint venture to perform and because the purposes of the Act will not be effectuated by enforcement of the order.

 We find no error in the initiation of the charge against the joint venture. It is clear that the Board may not initiate an unfair labor practice charge against a union or employer on its own motion, *see N. L. R. B. v. Reliance Steel Products Company*, 322 F.2d 49 (5th Cir. 1963); *National Labor Relations Board v. Hopwood R. Co.*, 98 F.2d 97 (2d Cir. 1938), but no such initiation occurred here. The record shows that Jackman initially filed the unfair labor practice charge against Local 282. When the Board's Regional Office investigated the charge and learned the facts, it asked Jackman to file a charge against the joint venture. Jackman initially indicated that he did not want to file such a charge against AFC because AFC "didn't owe me one nickel for my loss of time." The investigating attorney then advised Jackman "that it was standard procedure" to charge the employer in this type of situation as insurance in the event the Union "went bankrupt." He also advised Jackman that he could withdraw the charge at any time. Jackman read and then signed the charge. He understood that he had the option of signing or not signing the charge.

In our view, the circumstances justified the request of the Board's Regional Office that Jackman file a charge against AFC. It was proper for the Regional Office to advise Jackman of his rights and to ask him to file the charge. It was reasonable for the attorney in the Regional Office to conclude that a full and appropriate remedy might not be available unless AFC was joined in the charge. The Union's business agents were clearly the most culpable parties involved.[2] However, their reign of coercion and terror would have been shorter had the Union members insisted on their removal long before they did and had the employers with whom they dealt, including AFC, refused to be coerced or intimidated.

 We also find no error in the Board's refusal to order the charge against AFC dismissed.[3] Once the Board's jurisdiction is invoked by a valid charge, the determination whether to proceed rests in the sound discretion of the General Counsel. *See Braden v. Herman*, 468 F.2d 592 (8th Cir. 1972), *cert. denied*, 411 U.S. 916, 93 S.Ct. 1546, 36 L.Ed.2d 308 (1973). Once an unfair labor practice charge is filed, the

1. During oral argument, counsel for the Union stated that Jackman was prepared to waive his right to reinstatement and to back pay because he had been elected as the business agent of the Union. AFC then stated that if such waiver were filed, it would withdraw its objection to the issuance and posting of an appropriate cease and desist order. The Court was subsequently notified that Jackman refused to execute the waiver form presented by the Board because his election was being contested before the International Union and that he did not wish to waive his rights to reinstatement and back pay unless he was assured of retaining his elective position with Local 282.

2. In *United States v. Kelley*, 545 F.2d 619 (8th Cir. 1976), *cert. denied*, 430 U.S. 933, 97 S.Ct. 1555, 51 L.Ed.2d 777 (1977), Fred D. Kelley and Paul P. Menz were convicted of conspiracy to restrain, coerce and intimidate members of a labor organization and interfering with rights of union members. Their conviction was upheld by this Court.

3. The administrative law judge mistakenly held that he was without jurisdiction to dismiss the charge against AFC. *See* National Labor Relations Board, Rules and Regulations, Series 8, as amended 29 C.F.R. §§ 102.24, 102.25 and 102.-35; *Local 638, United Assn. of Journeymen*, 158 N.L.R.B. No. 140, 62 L.R.R.M. 1219 (1966). The Board recognized this error in its opinion. It properly held, however, that the issue could not be raised before the Board since the charging party did not except to the administrative law judge's ruling on that issue.

General Counsel proceeds in the public interest not just in vindication of private rights. We recognize Jackman was mistakenly informed that he would be permitted to withdraw the charge at any time he saw fit. It is a mistake that the General Counsel should not permit to be repeated. However, we cannot permit that mistaken representation to deter the General Counsel from proceeding against AFC when it is clear that it was guilty of unfair labor practices along with the Union. The public interest requires no less.

We finally find no merit in AFC's contention that the Board's order is moot.[4] The termination of a construction project by a joint venture does not moot a case in the Court of Appeals. *See Local 74, U. Br. of C. v. N. L. R. B.,* 341 U.S. 707, 715, 71 S.Ct. 966, 95 L.Ed. 1309 (1951); *Plasterers Local Union No. 79, Op. P. & C. M. I. A. v. N. L. R. B.,* 142 U.S.App.D.C. 146, 151, 440 F.2d 174, 179 (1970), *rev'd on other grounds,* 404 U.S. 116, 92 S.Ct. 360, 30 L.Ed.2d 312 (1971); *N. L. R. B. v. Plumbers Union of Nassau County, Local 457, Etc.,* 299 F.2d 497, 501 (2d Cir. 1962). To hold otherwise would frustrate the remedial purposes of the Act.

The precise extent to which the order can be enforced is a matter properly left for determination by the Board at the compliance proceedings which will follow this appeal. *See Golden State Bottling Co. v. N. L. R. B.,* 414 U.S. 168, 94 S.Ct. 414, 38 L.Ed.2d 388 (1973); *N. L. R. B. v. Autotronics, Inc.,* 434 F.2d 651 (8th Cir. 1970). We note for emphasis, however, that the Board held that the Union is primarily responsible for the back pay award and its assets must be expended before resort is had to the assets of AFC or the companies that comprised the joint venture.

Enforced.

4. AFC bases its contention on the following facts: (1) AFC has completed work at the project site and the joint venture no longer exists as a legal entity; (2) the joint venture no longer employs any members of the Local and it does not have any employees on the project site where the incident occurred; and (3) AFC no longer transacts business within the area of the project site or the Eighth Circuit.