OPINION OF THE COURT
GIBBONS, Circuit Judge:
Main Line Federal Savings and Loan Association (“Main Line”) appeals a decision of the District Court for the Eastern District of Pennsylvania in its continuing action against Tri-Kell, Inc. The District Court dismissed as moot an appeal from a Bankruptcy Court’s lifting of an automatic stay against Main Line’s foreclosure of a lien against Tri-Kell. It did so on the basis of an “Order” filed by the bankruptcy judge while the appeal to the district court was pending, terminating the automatic stay “upon counsel’s verification ... that approval of the dismissal or withdrawal of any outstanding appeals from the said Order has been granted by the . .. District Court.” Main Line contends that this order was invalid since the Bankruptcy Court was divested of jurisdiction as soon as the appeal was filed with the district court, and therefore that the District Court’s dismissal of the appeal as moot was erroneous. TriKell disputes this, and contends further that the dispute before us is moot since Main Line is attacking the dismissal of an appeal from an order in its favor. We hold that the action is not moot and that the district court’s dismissal was erroneously predicated upon an invalid order of the bankruptcy court. Accordingly, we remand to the district court.
I. FACTS AND PROCEEDINGS BELOW
Tri-Kell, Inc., a Pennsylvania corporation, has been a debtor under Chapter II of the Bankruptcy Act since April 27, 1978. TriKell’s sole asset is an unimproved tract of land in Montgomery County, Pennsylvania. Appellee Kelly is President and Chief Executive Officer of Tri-Kell as well as its primary unsecured creditor. Appellee Trinsey is also an unsecured creditor (and, according to Main Line, a former President) of TriKell. Appellee Gulph Mills Townhouse Village, Inc. (“Gulph Mills”) a Pennsylvania corporation, is presently the beneficial owner of the tract. Appellant Main Line is a secured creditor of Tri-Kell, and holds a mortgage on the tract.
Main Line has been attempting to foreclose on Tri-Kell’s mortgage since 1981. Its principal obstacle has been the automatic stay on lien enforcement provided for debtors by Bankruptcy Rule 11-44.[1]
On October 22, 1982, the Bankruptcy Court for the Eastern District of Pennsylvania entered an order terminating the stay as of February 1, 1983. App. at 16. The order was based on the purported consent of the two parties to the adversary proceeding. One week after the order was filed, however, Trinsey, Kelly, and Gulph Mills all appealed to the district court, contending that Tri-Kell’s original attorney exceeded his authority and entered an order without their consent. Main Line argued that the three parties were strangers to the proceedings and moved to quash the appeal. (TriKell itself joined the appeal much later.) On January 17, 1983, the case record was transferred from the Bankruptcy Court to the District Court. App. at 9. Before the district court could act on the appeal the Bankruptcy Judge issued a further order in response to a motion by Tri-Kell. The order, issued on February 16, 1983, purported to vacate the court’s previous order lifting the automatic stay “upon counsels’ verification to this court that approval of the dismissal or withdrawal of any outstanding appeals from the said order has been issued by the district court.”[2]
Armed with the Bankruptcy Judge’s order, Tri-Kell, Trinsey, Kelly, and Gulph Mills asked the District Court to dismiss *906 their appeal pursuant to Fed.R.Civ.P. 41(a)(2).[3] App. at 178, 181.
On March 8, 1983, the District Court granted their request:
[i]t appearing that the Bankruptcy Court has indicated its intention to vacate its Order of October 22, 1982, and it further appearing that said order forms the subject matter of this appeal, it is hereby ORDERED that the Appeals ... are dismissed as authorized by Federal Civil Rule 41(a)(2) as moot.
App. at 185.
One order has been entered since the decision of the District Court. On June 16, 1983, well after the filing of the appeal by Main Line to this Court, the Bankruptcy Judge issued a “Statement of the Court’s Intent.” In this document the Bankruptcy Judge declares that his order of February 16, 1983 was entered “inadvertently,” and that if the case is remanded back to the bankruptcy court the original order lifting the automatic stay of foreclosure will be reinstated. See Appellant’s Reply Brief at “Exhibit A”.
II. JURISDICTIONAL ISSUES
Main Line argues on this appeal that the district court’s dismissal for mootness was erroneous, since the bankruptcy court’s February 16, 1983 order was void for want of jurisdiction. It argues that jurisdiction passed from the bankruptcy court to the district court with the filing of the appeal and that any subsequent order was entered without jurisdiction.
Filing a notice of appeal automatically transfers jurisdiction from the district court to the appellate courts. Hovey v. McDonald, 109 U.S. 150, 157, 3 S.Ct. 136, 140, 27 L.Ed. 888 (1883); Hattersley v. Bollt, 512 F.2d 209, 215 n. 17 (3d Cir.1975); Plant Economy, Inc. v. Mirror Insulation Co., 308 F.2d 275, 276-77 (3d Cir.1962); 9 J. Moore, B. Ward & J. Lucas, Moore’s Federal Practice £203.11 (2d ed. 1983). It is true that a district court (or a bankruptcy court acting as a district court) retains such jurisdiction as is necessary to aid the higher court in consideration of the appeal. See Commonwealth of Puerto Rico v. S.S. Zoe Colocotroni, 601 F.2d 39, 41 (1st Cir.1979); Lairsey v. Advance Abrasives Co., 542 F.2d 928, 930 (5th Cir.1976); First National Bank of Salem, Ohio v. Hirst, 535 F.2d 343, 345— 46 (6th Cir.1976). But the bankruptcy court’s action in this instance was not in aid of the appellate case. It entered what can only be described as a “conditional judgment,” which was to become effective as soon as the higher court had dismissed the action.
The appellees argue that the procedure in this ease was consistent with appellate practice under Fed.R.Civ.P. 60(b). They cite Smith v. Pollin, 194 F.2d 349, 350 (D.C.Cir.1952), for the proper procedure dealing with post-appeal motions to the lower court:
When an appellant in a civil case wishes to make a [Rule 60(b) ] motion ... while his appeal is still pending, the proper procedure is for him to file his motion in the District Court. If that court indicates that it will grant the motion, the appellant should then make a motion in this court for a remand of the case in order that the District Court may grant the motion....
Other courts have taken an even more flexible approach. See, e.g., Commonwealth of Puerto Rico v. S.S. Zoe Colocotroni, 601 F.2d 39 (1st Cir.1979) (movant not required to ask circuit court for remand until after district court has indicated willingness to grant Rule 60(b) motion). But these cases are ultimately irrelevant, because the district court did not remand the case but rather dismissed it as moot. In doing so it acted as if the bankruptcy court had already entered a final order. That the February 16, 1983 Order was framed as conditional upon the district court’s dismissal does not alter this fact.
*907 The procedural morass in this case illustrates the problems created by assertions of concurrent jurisdiction. The parties here remain divided on the validity of the October 22, 1982 order lifting the automatic stay. If the district court is allowed to dismiss the action as moot the bankruptcy court’s February 16, 1983 order will be appealed by Main Line and the issue will surface once again in exactly the same form in the district court. The wastefulness of such a result is compounded if we give credence to the “Statement of the Court’s Intention” issued by the bankruptcy court during the pendency of this appeal, for if we uphold the district court’s ruling that Tri-Kell’s appeal is moot the debtor will soon be appealing the order of the bankruptcy court in exactly the same manner as it did in its original appeal.
The rule against concurrent jurisdiction is a judge-made rule, and should not be “employed to defeat its purposes or to induce empty paper shuffling.” 9 J. Moore, B. Ward & J. Lucas, Moore’s Federal Practice £203.11 (2d ed. 1983). But in the case before us application of the rule would promote rather than retard the efficient utilization of the appellate process.
Tri-Kell argues on appeal that the appeal was and is moot since neither party was contesting the October 22, 1982 order. But the determination that a case is moot requires that there be nothing gained by reaching a decision.[4] See N.L.R.B. v. Globe Security Services, Inc., 548 F.2d 1115, 1117 (3d Cir.1977) (decision would be “a vain and useless act....”) Here, however, our decision will have a real impact on the parties. If we affirm the district court the foreclosure will remain blocked. If we do not affirm it will be more likely to go forward. Under such circumstances we cannot say that the case is moot.
Tri-Kell also argues that Main Line was not prejudiced by the district court’s decision and thus has no standing to appeal, because if Main Line had quashed Tri-Kell’s appeal of the October 22, 1982 order the case would return to the bankruptcy court, where the February 16, 1982 order would still be on record. But this argument is flawed, for the district court’s dismissal prejudices Main Line in two different ways.
First, if the district court had not dismissed for mootness but had dismissed because it accepted Main Line’s contention that Trinsey, Gulph Mill, and Kelly lacked standing to challenge the consent decree then the decision would have been law of the case in further bankruptcy court proceedings.
Second, even though the October 23, 1982 and February 16, 1983 orders both concern the identical subject matter, they affect Main Line’s fortunes on review in different ways. The district court is engaged in appellate review of the bankruptcy court’s factual determinations, and is limited to a search for “clearly erroneous” rulings. See Bankr.R. 810.[5] If it is reviewing the October 22, 1982 decision in Main Line’s favor it is intrinsically more likely to produce a decision for Main Line than it would be if it were reviewing the February 16, 1983 decision in favor of Tri-Kell. Even if the February 16, 1983 decision is remanded to the Bankruptcy Court in order to develop a full factual record under Bankr.R. 810,[6] Main Line is in a worse position than it would have been had the district court merely been asked to decide whether or not the *908 October 22, 1982 decision was clearly erroneous.
Thus we will reverse the order dismissing the appeal as moot and remand for proceedings consistent with this opinion.[7]

. Since the petition was filed before the effective date of the Bankruptcy Reform Act of 1978, P.L. 95-598, 92 Stat. 2683, it is governed by the provisions of the Bankruptcy Act of 1898, 11 U.S.C. § 1, et seq. (repealed).

. The order was issued pursuant to Bankruptcy Rule 924, which provides for the application of Fed.R.Civ.P. 60(b) to bankruptcy proceedings.

. Fed.R.Civ.P. 41(a)(2) provides that “an action shall not be dismissed at the plaintiffs instance save upon order of the court and upon such terms and conditions as the court deems proper.”

.The proper disposition when a case becomes moot on appeal is an order vacating the lower court’s judgment. The party in whose favor the lower court judgment was entered will be prejudiced, if the case turns out to be not in fact moot, by the order vacating the judgment, since a simple dismissal would leave the judgment res judicata. United States v. Munsingwear, 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950). In this case the district court did not vacate the bankruptcy court’s October order. Thus that order remains binding on the parties unless it itself is vacated under Fed.R.Civ.P. 60. Clearly, however, Main Line faces an application for Rule 60 relief.

. Bankruptcy Rule 810 provides that the district court “shall accept the referee’s findings of fact unless they are clearly erroneous .... ”

. Bankr.R. 810 provides for a “remand with instructions for further proceedings.”

. We do not hold that the district court must now address the merits of the appeal. The district court may remand to the bankruptcy court for consideration of the Rule 60(b) motion. We simply hold that the district court may not dismiss Main Line’s appeal as moot.