PER CURIAM.
 

 Anthony R. Martin-Trigona and 658 Ridge Road, Inc., appeal from the September 13, 1984, order of Judge Jose A. Ca-branes of the United States District Court for the District of Connecticut granting the bankruptcy trustee Richard Belford’s motion for judgment based on appellants’ default and denying Anthony R. Martin-Tri-gona’s motion to vacate the earlier entry of default.
 
 [1]
 
 After considering the full record and concluding that appellants had not controverted the trustee’s representations, Judge Cabranes entered judgment voiding certain fraudulent transfers of property at 658 Ridge Road, Middletown, Connecticut, and declaring the trustee legal owner of the property. We affirm.
 

 Preliminarily, appellants claim that the district court lacked personal jurisdiction over them because the method of service was defective. The trustee’s attorney mailed the summons and complaint by first class mail to Helen Martin-Trigona, president of 658 Ridge Road, Inc., at 658 Ridge Road, Middletown, Connecticut, the address listed with the Connecticut Secretary of State as appropriate for service of process, as well as to Anthony R. Martin-Tri-gona, secretary and director, at a Manhattan address also listed with the Connecticut Secretary of State and at his post office box in Manhattan. Service by first class mail was effective under former Bankruptcy Rule 704(c) and continues to be so under its successor Rule 7004(b). However, appellants contend that reliance on Rule 704 was questionable in light of
 
 Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,
 
 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). We reject this contention. Nothing in
 
 Northern Pipeline
 
 indicated that the bankruptcy rules were invalid. Further, the uninterrupted legitimacy of former Rule 704(c) is evidenced by its retention substantially unchanged as Rule 7004(b) of the new bankruptcy rules, promulgated after
 
 Northern Pipeline.
 
 We conclude that appellee’s service of process by first class mail to the above addresses was effective and that the district court had personal jurisdiction over appellants.
 

 We turn next to the question whether Judge Cabranes abused his discretion in entering the default judgment. There are “ ‘strong policies favoring the resolution of genuine disputes on their merits’ ” which limit the scope of the trial judge’s discretion to enter a default judgment,
 
 Traguth v. Zuck,
 
 710 F.2d 90, 94 (2d Cir.1983) (quoting
 
 Jackson v. Beech,
 
 636 F.2d 831, 835 (D.C.Cir.1980)), and under Fed.R.Civ.P. 55(c), a party can be relieved of default “[f]or good cause shown.” A finding of good cause depends on “whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.”
 
 Meehan v. Snow,
 
 652 F.2d 274, 277 (2d Cir.1981). Appellants have failed to show that the default was not willful or to present a meritorious defense.
 
 [2]
 

 As noted above, process was served by first class mail on both Helen and Anthony Martin-Trigona, respectively the president and secretary of 658 Ridge Road, Inc., at the addresses registered with the Connecticut Secretary of State. Helen Martin-Trigona’s failure either to collect corporate mail sent to the Ridge Road address or to change the address for service
 
 *506
 
 of process with the Secretary of State constitutes a willful disregard of legal process and a willful default. Equally willful was Anthony Martin-Trigona’s decision to return the envelopes mailed to him unopened. Moreover, Anthony Martin-Trigona, a law school graduate and “perhaps the most prolific litigator in this circuit’s history,”
 
 In re Anthony R. Martin-Trigona,
 
 760 F.2d 1334, 1336 (2d Cir.1985), can hardly expect the special allowances this court sometimes makes for pro se litigants who forfeit legal rights by inadvertent procedural mistakes.
 
 See Traguth,
 
 710 F.2d at 95.
 

 Anthony Martin-Trigona contends, however, that appellants were precluded from filing a timely answer by a May, 1983, court order barring any party in the Martin-Trigona bankruptcy litigation from filing any pleading, except in response to orders of the court. This contention is without merit, since a December 22, 1983, order rendered the earlier order inoperative with respect to this suit by expressly stating that the court would welcome any submissions of “proposed orders or other documents” from any party, including Martin-Trigona.
 
 [3]
 

 As a supposed meritorious defense, appellants allege that the disputed conveyances were not fraudulent but were part of an estate plan: according to Helen Martin-Trigona’s affidavit, she had owned the 658 Ridge Road property for a decade and decided to place the property in a corporation to avoid Connecticut probate law. This defense does not hold water, however, since it does not explain either land records reflecting Anthony Martin-Trigona’s ownership from June 1975 to August 1978 or the property’s transfer to two unrelated intermediaries for token consideration before the final transfer to 658 Ridge Road, Inc.
 

 As a second attempted defense, appellants assert that the complaint was insufficient because it failed to allege Anthony Martin-Trigona’s insolvency at the time of the transfers. But insolvency is not a necessary element of a fraudulent conveyance claim under Connecticut law.
 
 United States v. Edwards,
 
 572 F.Supp.1527, 1534 (D.Conn.1983) (interpreting Conn.Gen.Stat. § 52-552). Rather, a conveyance is fraudulent if motivated by a desire to circumvent any debt or duty.
 
 Id.; see also Molitor v. Molitor,
 
 184 Conn. 530, 440 A.2d 215 (1981). The complaint in this case alleged such fraudulent intent.
 

 Appellant 658 Ridge Road, Inc., also argues that the statute of limitations “may” have barred the complaint, because the three-year statute of limitations for tor-tious actions, Conn.Gen.Stat. § 52-577, applied, and the trustee did not bring this action until 1983, five years after the allegedly fraudulent conveyance. This argument ignores the tolling of the statute of limitations on December 2, 1980, when the bankruptcy petition was filed.
 
 See
 
 11 U.S.C. § 108(c) (1982). The complaint was timely filed.
 

 We conclude that the district court properly exercised its discretion in entering a default judgment against appellants.
 

 [1]
 

 . Appellant 658 Ridge Road, Inc., did not move to vacate the entry of default.
 

 [2]
 

 . Appellant Anthony Martin-Trigona contends that Judge Cabranes erroneously shifted the burden of proof. This argument ignores the effect of a default: in order to set aside a default, the defaulting party must present a meritorious defense demonstrating "that if relief is granted the outcome of the suit may be different than if the entry of default or the default judgment is allowed to stand.” 10 C. Wright, A. Miller & M. Kane,
 
 Federal Practice and Procedure: Civil
 
 § 2697, at 525 (2d ed. 1983). Otherwise, the defaulting party may be held to admit all the factual allegations of the complaint.
 
 See Au Bon Pain Corp. v. Artect, Inc.,
 
 653 F.2d 61, 65 (2d Cir.1981);
 
 Trans World Airlines, Inc. v. Hughes,
 
 449 F.2d 51, 63 (2d Cir.1971),
 
 rev’d on other grounds,
 
 409 U.S. 363, 93 S.Ct. 647, 34 L.Ed.2d 577 (1973).
 

 [3]
 

 . Anthony Martin-Trigona also argues that he was denied a meaningful opportunity to defend himself because the deputy-in-charge of the district court refused to file Martin-Trigona's response to the default motion until Martin-Trigo-na complied with the terms of the June 23, 1983, Order of Permanent Injunction.
 
 See In re Martin-Trigona,
 
 573 F.Supp. 1245, 1266 (D.Conn.1983),
 
 aff'd in part, vacated in part and remanded,
 
 737 F.2d 1254 (2d Cir.1984). Before entry of the default judgment, however, Judge Cabranes fully considered Martin-Trigona’s opposition motions. And neither Martin-Trigona’s promptness in responding to the Trustee’s default motion nor the initial problem Martin-Tri-gona encountered in filing his response in any way changes the willfulness of his original default.