## In re AUTO–TRAIN CORPORATION, a Florida corporation, a/k/a Railway Services Corporation, Debtor.

### Bankruptcy No. 80–00391.

United States Bankruptcy Court, District of Columbia.

Jan. 28, 1986.

Imogene Lehman, Cadwalader, Wickersham & Taft, Washington, D.C., for trustee.

## OPINION

GEORGE FRANCIS BASON, Jr., Bankruptcy Judge.

With respect to a number of claims filed in this case, the Trustee's notice of objection to the claim was mailed by first-class

---

mail to the claimant's last known address but was returned by the U.S. Postal Service as being undeliverable. In each such instance, the Trustee has filled a "motion for entry of order" and has submitted a form of order sustaining the Trustee's objection on the ground that the claimant "has waived any right to receive notice of the Trustee's objection" by "failure to advise the Court or the Trustee" of the claimant's current address.

The matters in issue are generally for small amounts (under $500.00).[1] Some of the claims were filed up to five years ago, or even longer. From the perspective of an individual claimant holding such a small claim, it may seem harsh to be deprived of the right to be heard because of failure to keep the Court or the Trustee advised over such a long period of time of the claimant's current address. Yet there is no practical alternative. It would be prohibitively expensive and time-consuming and probably not very effective for the Trustee to hire the services of a tracing agency. The Trustee has duties to conserve the assets of the estate and to make distribution as quickly as possible—not to waste assets and time in fruitlessly pursuing will-o'-the-wisps. The Trustee also has a duty to file an objection to a claim only when the objection is well grounded in fact and is warranted in law (see Bankruptcy Rule 9011), and this Trustee's performance in this case provides every reason to believe that the Trustee has adhered diligently and conscientiously to that duty.

Rule 5(b) of the Federal Rules of Civil Procedure provides that "if no address [of a party or the party's attorney] is known, [service shall be made] by leaving it [a copy of the paper to be served] with the clerk of the court." Regrettably, there is no comparable specific provision in Bankruptcy Rule 3007, relating to objections to claims, nor in Bankruptcy Rule 9014, relating to "contested matters,"[2] nor in Bankruptcy Rule 7004, relating to manner of service.[3] However, the United States Court of Appeals for the Second Circuit has recently dealt with this issue in the case of *In re Martin-Trigona*, 763 F.2d 503 (1985). There, the trial court granted default judgment to a bankruptcy trustee and denied a defendant's motion to vacate the default. Service was by first-class mail to the last known addresses of the defendants. The Court of Appeals held (763 F.2d at 505–506):

> ... the uninterrupted legitimacy of former Rule 704(c) is evidenced by its retention substantially unchanged as Rule 7004(b) of the new bankruptcy rules, promulgated after *Northern Pipeline.* We conclude that appellee's service of process by first-class mail to the above addresses was effective and that the district court had personal jurisdiction over appellants.

> \*　　\*　　\*　　\*　　\*　　\*

Helen Martin-Trigona's failure either to collect corporate mail sent to the Ridge Road address or to change the address for service of process with the Secretary of State constitutes a willful disregard of legal process and a willful default. Equally willful was Anthony Martin-Trigona's decision to return the envelopes mailed to him unopened.

This Court need not, and does not, make a finding that the claimants' failure to keep the Court or the Trustee advised of their current addresses constituted a "willful disregard of legal process" or a "willful default." Indeed, the Court takes this opportunity to announce that it intends to be

---

**1.** The Trustee has filed well over 100 such motions. In all but seven, less than $500 is at issue. None involves over $2,500, and only one involves over $2,000.

**2.** The Advisory Committee Note following Rule 3007 states: "The contested matter initiated by an objection to a claim is governed by Rule 9014 ..." The Advisory Committee Note following Rule 9014 explains the meaning of "con-

tested matter" as follows: "Whenever there is an actual dispute, other than an adversary proceeding, before the bankruptcy court, the litigation to resolve that dispute is a contested matter."

**3.** Rule 9014 requires service "in the manner provided for service of a summons and complaint by Rule 7004..."

lenient in granting motions to vacate its orders sustaining the Trustee's objections, when the orders are based on failure to keep the Trustee or the Court advised of the claimants' current addresses, whenever a claimant tenders a facially valid rebuttal on the merits to the Trustee's objections.

For all the foregoing reasons, and on the authority of *Martin-Trigona,* and based on a finding that the claimants' failures to advise the Court or the Trustee of their current addresses constitute waivers of the right to receive notice of the Trustee's objections, this Court will grant the Trustee's motions.