**In re JEPHUNNEH LAWRENCE & AS-SOCIATES CHARTERED, Jephunneh Lawrence & Associates, Jephunneh Lawrence, Debtor.**

**Bankruptcy No. 85–00581.**

United States Bankruptcy Court, District of Columbia.

July 8, 1986.

Jephunneh Lawrence, Washington, D.C., for debtor.

Henry Brylawski, Washington, D.C., for Nat. Capital Bank.

James L. Dameron, III, Gaithersburg, Md., for secured creditor Eva Russell.

### OPINION AND ORDER

GEORGE FRANCIS BASON, Jr., Bankruptcy Judge.

■ Before the Court is a motion filed by JePhunneh Lawrence for reconsidera-

tion of this Court's Order dismissing this case. The order of dismissal was based on the fact that, as stated in the order itself, "this case was filed as one case by at least two separate legal entities, contrary to law (compare 11 U.S.C. §§ 301 and 302) ..."

In the next-to-last paragraph of his memorandum in support of his motion for reconsideration Mr. Lawrence (no doubt unwittingly) underscores the legal and factual correctness of this Court's order of dismissal. He states first that "Debtor ... is a solo practitioner" and then that "Debtor is a Professional Corporation wherein Debtor is the sole shareholder and employee. There is only one case before this Court ..."

That is precisely the point: There is "only one case"; but there are two Debtors, one being the "Professional Corporation" and the other being the individual who is that corporation's "sole shareholder and employee." Only a husband and wife are entitled to file a joint petition in bankruptcy, not a corporation and its sole shareholder. 11 U.S.C. §§ 301 and 303.

■ On June 19, 1986 Mr. Lawrence filed in U.S. District Court a petition for writs of prohibition and mandamus, and he requested expedited consideration of that petition because of a foreclosure sale all legally scheduled for July 10, 1986. In this Court's view, unlike the filing of a notice of appeal,[1] the mere filing of a petition for writ of prohibition and mandamus does not automatically and by operation of law immediately divest the lower court of jurisdiction. In any event, even if Mr. Lawrence had filed a notice of appeal, that notice would "have no effect; a new notice of appeal [would have to] be filed" (as required by Bankruptcy Rule 8002(b)) because of the pendency of Mr. Lawrence's own motion for reconsideration.[2]

---

1. *See Main Line Federal Savings & Loan Assn. v. Tri-Kell, Inc.,* 721 F.2d 904 (3d Cir.1983).

2. Rule 8002(b) provides:
   If a timely motion is filed in the bankruptcy court by any party: (1) for judgment notwithstanding the verdict under Rule 9015; (2) under Rule 7052(b) to amend or make additional find-
   ings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (3) under Rule 9023 to alter or amend the judgment; or (4) under Rule 9023 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion.

Therefore, this Court has jurisdiction to rule upon the motion for reconsideration. In doing so, this Court will take into consideration not only all the points raised in that motion itself but also the additional points contained in Mr. Lawrence's petition for writs of prohibition and mandamus. All of those points are summarized on pp. 5–6 of the petition, under the heading of "issues presented," in numbered paragraphs which are tracked below:

■ (1) and (2) This Court has not conducted any *ex parte* hearing in this case. The sole reason that Mr. Lawrence failed to receive notice of the duly-scheduled Disclosure Statement Hearing, of which every other party-in-interest did receive notice, is that he himself failed to comply with Local Rule 25 by failing to include his own name on the xerox mailing-label matrix which he supplied to the Office of the Clerk of this Court.[3] The Clerk's Office routinely uses that matrix for the purpose of sending out notices of such hearings. Mr. Lawrence can hardly be permitted to take advantage of his own, admitted "oversight or inadvertence." March 26, 1986 Affidavit of JePhunneh Lawrence, ¶¶ 4 and 5; *see In re Auto-Train Corp.*, 57 B.R. 566 (Bankr.D.C. 1986) (failure to advise court of current address constitutes waiver of right to receive notice).

(3) Although Mr. Lawrence's Disclosure Statement in this case was so extremely deficient as to be beyond redemption, that is not the reason this Court dismissed the case. The reason this case was dismissed is that the case was filed as one case by two separate legal entities. The filing of one case by two separate legal entities obviously is not a defect which "can be quickly cured," either by amending a disclosure statement or plan or by converting the case from Chapter 11 to Chapter 7 of the Bankruptcy Code.

■ (4) This Court has not "permitted ... two creditors ... to act as a creditor[s'] committee ..." It did permit counsel for two creditors, who appeared at the duly-scheduled Disclosure Statement Hearing, to be heard. Each of them spoke separately on behalf of his own separate client. Section 1109(b) of the Bankruptcy Code requires no less.[4]

■ (5) Mr. Lawrence reveals his profound ignorance of bankruptcy law and procedure when he states that his not being "served with copies of any claims filed against the estate" has deprived him of an "opportunity to file objections thereto." There is no time limit on the filing of objections to claims, so long as a bankruptcy case remains pending. Bankruptcy Rule 3007. Indeed, even a motion for reconsideration of an order allowing or disallowing a claim may be filed at any time, so long as the case remains open. Bankruptcy Rule 3008. Therefore, Mr. Lawrence has not been prejudiced in any way by any creditor's failure to serve him with a copy of any claim that may have been filed. See generally, as to the time for filing objections to claims, *In re J.J. Mellons, Inc.*, 59 B.R. 598 (Bankr.D.C.1986). In any event, it is clear that a writ of mandamus or prohibi-

---

A notice of appeal filed before the disposition of any of the above motions shall have no effect; a new notice of appeal must be filed. No additional fees shall be required for such filing.

**3.** Local Rule 25 provides in relevant part:

(a) There shall be filed in each voluntary case under Title 11 of the United States Code with the Petition, or within fifteen (15) days thereof, a typed mailing matrix prepared by the debtor or attorney for the debtor consisting of the names and addresses including postal zip codes of the debtor, attorney for the debtor, all creditors and equity security holders as listed in the schedules of the debtor, and other interested parties.

\*   \*   \*   \*   \*   \*

(c) The filing of any matrix as hereinabove set forth is deemed to be a verification by the debtor or attorney for the debtor that the matrix is a complete and accurate listing of all creditors, and other parties in interest, with the last known mailing address of each party so listed.

**4.** Section 1109(b) provides:

A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.

tion directed to the undersigned judge would not help Mr. Lawrence to obtain relief as against any (unnamed) creditors that may have filed claims but failed to serve him with copies thereof.

(6) and (7) Mr. Lawrence has made no request of this Court for expedited consideration of his motion for reconsideration. Nor has he notified this Court of any reason for expedited consideration, other than by serving a copy of the petition for writs of prohibition and mandamus upon the undersigned judge. Nor, indeed, has Mr. Lawrence requested this Court to stay its dismissal order. Under Fed.R.Civ.P. 62(a), as incorporated by Bankruptcy Rule 9004, a stay is not automatic but must be requested. If no stay has been obtained, parties are free to take whatever action is appropriate, including foreclosure.

■ (8) This Court has not ordered the Clerk to alter or change any docket entries. Nor have any docket entries been altered or changed. Mr. Lawrence's allegation that this Court's March 18, 1986 oral bench ruling was an official "order of dismissal" is incorrect. *See* Bankruptcy Rule 9021(a), tracking the language of Fed.R.Civ.P. 58. Nor did the Clerk's docket entry of the March 18 "proceeding memo" (which contains a brief summary of the Court's oral ruling) constitute an order of this Court. Indeed, the proceeding memo contains an explicit disclaimer stating: "This proceeding memo does not constitute an official record—DO NOT RELY ON IT. The transcript of hearing constitutes the official record of proceedings, and the Court's written Order when entered, contains the Court's ruling."

(9) The allegations of paragraph 9 of Mr. Lawrence's "statement of issues presented" does not have anything to do with the relief sought.

■ Nothing in any of the papers Mr. Lawrence has filed gives this Court any reason to doubt either the propriety or the wisdom of its order dismissing this case. Notwithstanding the general requirement

for notice,[5] where (as here) it is apparent on the face of the record that under no set of circumstances can the relief requested be granted, this Court, like any other, has inherent authority to dismiss a case, *sua sponte* and without notice, as being irremediably defective. *See In re Estate of Brown*, 16 B.R. 128 (Bankr.D.C.1981) (the court *sua sponte* and without notice dismissed the case because "there is no power or jurisdiction in the Bankruptcy Code to administer probate estates ..."); 11 U.S.C. § 105(a); Bankruptcy Rule 9006(c). Moreover, in this case Mr. Lawrence waived any right to notice by failing to prepare and file the mailing-list matrix properly.

NOW THEREFORE IT IS ORDERED that the motion for reconsideration is DENIED.

---

5. See 11 U.S.C. §§ 102(1) and 1112(b) and Bankruptcy Rule 2002(a)(5).