**LOCAL 945, INTERNATIONAL BROTH-
ERHOOD OF TEAMSTERS, et
al., Plaintiff,**

v.

**P & S SANITATION, Defendant.**

Civ. A. No. 89–5114.

United States District Court,
D. New Jersey.

June 7, 1990.

Stephen H. Gelb, Law Office of Ira Drogin, New York City, for plaintiff.

William Wallen, Horowitz & Pollack, South Orange, N.J., for defendant.

## OPINION AND ORDER

WOLIN, District Judge.

Pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure, defendant P & S Sanitation ("P & S") has moved for relief from this Court's Order of March 7, 1990 on the grounds of mistake, inadvertence, surprise, or excusable neglect. In opposition, plaintiff Local 945, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America ("the Union"), contends that counsel's ultimately unsuccessful tactical decision should not provide grounds for relief. The Court notes that P & S has filed an appeal concurrent with this motion.

At the parties' request, this matter was decided on the papers pursuant to Rule 78 of the Federal Rules of Civil Procedure.

## I. BACKGROUND AND DISCUSSION

A full recitation of the relevant facts is contained in the Court's Opinion of March 7, 1990 and will not be repeated here. To summarize briefly, however, by Opinion and Order of March 7, 1990, the Court confirmed an arbitration award dated September 12, 1989. At issue in that proceeding was the discharge of Alton Durham which had resulted in an arbitration award of $12,000.00 as liquidated damages for partial back wages compensation. The Court held that P & S' failure to timely move to vacate the unfavorable award barred it from asserting affirmative defenses in any proceeding to confirm that award. P & S now seeks to vacate the Court's judgment because of "inadvertent error," it mistakenly failed to inform the Court that a timely petition to vacate the arbitration award had been filed on December 11, 1989 in the New Jersey Superior Court. The current motion, however, is not defendant's sole avenue for relief, an appeal has also been filed. The Court notes that P & S did not inform the Court that it had filed an appeal, rather, the Union presented that information to the Court.

■ Filing a notice of appeal of this Court's judgment has deprived this Court of jurisdiction to rule on the motion under Rule 60(b)(1) to reopen the judgment. *Hovey v. McDonald*, 109 U.S. 150, 157, 3 S.Ct. 136, 140, 27 L.Ed. 888 (1883); *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982); *Main Line Federal Sav. & Loan Ass'n v. Tri–Kell*, 721 F.2d 904, 906 (3d Cir.1983). A Rule 60(b)(1) motion is not one of the limited circumstances in which the court retains power to act. *See* Fed.R. App.P. 4(a)(4) (motions brought pursuant to Rules 50(b), 52(b), or 59 do not divest the district court of jurisdiction).

However, in *Main Line Federal Savings & Loan Association*, 721 F.2d at 906, the Court of Appeals for the Third Circuit approvingly noted the practice prescribed in *Smith v. Pollin*, 194 F.2d 349, 350 (D.C.Cir. 1952). Indeed, the Third Circuit reaffirmed its approval in both *Venen v. Sweet*, 758 F.2d 117, 123 (3d Cir.1985) and *Hancock Industries v. Schaeffer*, 811 F.2d 225, 239–40 (3d Cir.1987). Under this procedure the district court may consider the Rule 60(b)(1) motion and determine its merits assuming the court had jurisdiction; if the court indicates that it will grant the motion, it may notify the moving party who may seek remand of the case by the Court of Appeals for the district court to grant the motion. *See also Ingraham v. United States*, 808 F.2d 1075, 180–81 (5th Cir. 1987); *Gould v. Mutual Life Insurance Co. of New York*, 790 F.2d 769, 772 (9th Cir.), *cert. denied*, 479 U.S. 987, 107 S.Ct. 580, 93 L.Ed.2d 582 (1986); *Commonwealth of Puerto Rico v. SS Zoe Colocotroni*, 601 F.2d 39, 40–41 (1st Cir.1979) (collecting cases); *Ryan v. United States Lines Co.*, 303 F.2d 430, 434 (2d Cir.1962).

■ Having considered the motion papers, the Court finds that it would grant the motion under Rule 60(b)(1) if the case

were remanded by the Court of Appeals. Upon remand, however, the Court would again confirm the arbitration award. Thus, the Court is caught in a procedural bind. To blindly notify the parties that the Rule 60(b) motion would be granted upon remand, only to do an about face and confirm the arbitration award, would exalt procedure over substance. This the Court will not do. Moreover, the twin doctrines of judicial efficiency and speedy resolution of labor disputes militate against such a circuitous route. For the reasons that follow, the Court will not grant defendant's motion.

Rule 60(b) provides in pertinent part:

On motion and upon such terms as are just, the court may relieve a party ... from a final judgment ... for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect....

■ Although motions pursuant to Rule 60(b) are addressed to the sound discretion of the district court, "[that Rule] does not confer upon the district courts a standardless residual of discretionary power to set aside judgments." *Moolenaar v. Government of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir.1987) (citations omitted). "[T]he finality of judgments is a sound principle that should not lightly be cast aside...." *Kock v. Government of Virgin Islands*, 811 F.2d 240, 246 (3d Cir. 1987).

In support of its request for relief under this provision, P & S claims its counsel inadvertently erred. P & S contends that it filed a timely action to vacate the arbitration award in state court. Subsequently, P & S received notice of the Union's complaint to confirm the arbitration award that was filed in federal court. Counsel for P & S decided not to pursue the state court action by serving its complaint on the Union and elected, instead, to assert its objections to the arbitration award by counterclaim in the federal action. Although the counterclaim was filed on January 2, 1990, since it was not filed within the three months required by N.J.Stat.Ann. 2A:24-7, it was not considered by the Court. P & S now urges the Court to consider its arguments in support of the counterclaim to vacate.

■ Although the Court's decision was premised upon a faulty factual base, courts in similar situations have refused to reopen judgments. "A party that has not presented known facts helpful to its case ... when it had the chance cannot ordinarily avail itself on rule 60(b) after an adverse judgment has been handed down." *Moolenaar*, 822 F.2d at 1347 (citations omitted). In the case at bar, defendant knew that it had filed a state court action. It made two choices: not to proceed in state court and not to enlighten the Court as the existence of the prior action. The simple failure to present evidence available to the defendant from the outset, does not require the Court to reopen the judgment. However, equitable considerations dictate that the Court exercise its discretion to reopen the judgment to decide the case on the merits. *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 245 (3d Cir.1951) (Rule 60(b) "must be given a liberal construction [;] [a]ny doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits"); *see also Livingston Powdered Metal, Inc. v. NLRB*, 669 F.2d 133, 136 (3d Cir. 1982).

Were the Court to reopen the judgment, however, and consider the "new information," it would still confirm the arbitration award. The fact defendant omitted would not have changed the outcome because the two "defenses" presented to the Court in support of the counterclaim to vacate the award are without merit.

■ First, defendant claims that because the National Labor Relations Board's ("NLRB") deferred plaintiff's previously filed unfair labor practices charges to arbitration, the NLRB is bound by the decision of the arbitrator, unless that decision is repugnant to the principles of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185(a). Thus, the decision of the arbitrator must not be repugnant to the LMRA.

Not only is defendant's argument illogical, but it is unsupported by the caselaw defendant cited. Neither *Collyer Insulated Wire*, 192 NLRB 837 (1971), nor *United Technologies Corporation*, 268 NLRB 557 (1984) stand for the proposition that the arbitrator's decision must be vacated by the district court if it is contrary to the LMRA. In fact, both cases indicate that any arbitrator's award that fails to meet the standards established in *Spielberg Mfg. Co.*, 112 NLRB 1080 (1955), as for example, that it is repugnant to the policies of the LMRA, will not be given effect by the NLRB. The NLRB may review an arbitration award *de novo* and determine whether it is consistent with established labor law. See NLRB Deferral Letter, 3 (Exh. A to Richardson Affidavit). Moreover, the arbitrator's award is not inconsistent with established labor law. *See, e.g., Combustion Eng'g, Inc.*, 272 NLRB 957 (1984).

Defendant's second asserted defense is that the arbitrator's award of "liquidated damages" was not authorized by the collective bargaining agreement ("CBA"). An award is legitimate "only so long as it draws its essence from the collective bargaining agreement." *United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960). Although the CBA at issue here has no specific provision in regards to discharges, it does state that "[t]he arbitrator shall not have the power to award retroactive pay to a date earlier than the date of the grievance." CBA, Art. 26. This language certainly implies that an arbitrator has the power to award "back pay." Moreover, as the Court stated in *United Steelworkers*, and recently reaffirmed in *United Paperworkers Int'l Union v. Misco, Inc.*, though an arbitrator's decision must draw its essence from the CBA, she must employ her informed judgment to reach a fair solution of the problem, *especially* when formulating remedies. 484 U.S. 29, 41, 108 S.Ct. 364, 372, 98 L.Ed.2d 286 (1987). Here, the arbitrator reduced the awardable back pay of $19,-078.64 to $12,000.00 to reflect Durham's failure to mitigate damages. Neither the CBA, nor the parties limited the discretion of the arbitrator in this respect. The award reflects the arbitrator's judgment of the equities within the CBA.

## II. CONCLUSION

For these reasons, the Court finds that Rule 60(b)(1) provides no relief for P & S. Defendant's motion to vacate this Court's Order of March 7, 1990 is denied.

It is so ORDERED.