992 F.2d 1216
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Walter J. LAWRENCE, Debtor-Appellant,
v.
Richard C. REMES, Trustee-Appellee,
 No. 92-1103.
 United States Court of Appeals, Sixth Circuit.
 April 30, 1993.
 
 Before RYAN and SILER, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Walter J. Lawrence, a pro se debtor, appeals the district court's judgment affirming a bankruptcy court order that consolidated his Chapter 7 bankruptcy petition with a previously filed Chapter 13 case. The issues are whether: (1) the bankruptcy court erroneously converted Lawrence's Chapter 7 petition into a Chapter 13 case, as 11 U.S.C. § 706(c) allows such conversion only by request from the debtor; (2) the bankruptcy court erroneously consolidated Lawrence's two petitions under Bankruptcy Rule 1015(a); and (3) the court erroneously determined that Lawrence had committed defalcation of funds of his daughter's estate.
 
 I.
 
 2
 Lawrence had filed a Chapter 13 bankruptcy petition in the Western District of Michigan, which was dismissed by the bankruptcy court on October 31, 1990, due to his pending Chapter 13 case in Texas. Lawrence appealed this dismissal to the district court and requested a stay pending appeal. The stay was denied, so Lawrence then petitioned under Chapter 7 in the Western District of Michigan.
 
 
 3
 The bankruptcy court ordered Lawrence to show cause why the Chapter 7 petition should not be dismissed pursuant to 11 U.S.C. § 707(b). Both parties responded and the court did not dismiss the petition. Later, the bankruptcy court ordered Lawrence to show cause why the Chapter 7 case should not be consolidated with the Chapter 13 petition then pending appeal in the district court. After a hearing, the bankruptcy court entered an order consolidating the Chapter 7 petition with the Chapter 13 case nunc pro tunc as of the date of the filing of the Chapter 7 petition. The district court affirmed the bankruptcy court's order. Appellee has not filed a brief. For the reasons stated herein, we AFFIRM the order of the district court.
 
 II.
 
 4
 Section 706(c) prohibits the court from converting a Chapter 7 case to a Chapter 13 case "unless the debtor requests such conversion." Lawrence argues that the bankruptcy court improperly converted the Chapter 7 case, as the court stated that "[t]he case will proceed as a Chapter 13 case until all of the procedures now on appeal have been completed one way or the other." The district court properly concluded, however, that the bankruptcy court's statement did not suggest that the judge converted the Chapter 7 case into a Chapter 13 case. Instead, the bankruptcy judge was concerned with preventing duplication and contradictory rulings as to creditors' rights in the two cases.
 
 III.
 
 5
 "If two or more petitions are pending in the same court by or against the same debtor, the court may order consolidation of the cases." Bankruptcy Rule 1015(a). The bankruptcy court has discretion to issue orders that will conserve judicial resources and time. Rule 1015(a) advisory committee note. As the debtor, court, and creditors are identical, consolidation was appropriate given the considerations of confusion, expense, and time.
 
 
 6
 Lawrence unsuccessfully argues that at the time of consolidation, as the Chapter 13 case was on appeal to the district court, the bankruptcy court lacked jurisdiction. However, the bankruptcy courts were created as adjuncts of the district court. In re Salem Mortgage Co., 783 F.2d 627, 633 n. 18 (6th Cir.1986). Therefore, the bankruptcy court properly concluded that the Chapter 13 case was not closed and would not be closed until all appellate proceedings were resolved. Accordingly, the court did not abuse its discretion in consolidating these cases, as the filing of the Chapter 7 petition while the Chapter 13 case was pending was abusive and invalid. See In re Martin, 97 B.R. 1013, 1017 (Bankr.N.D.Ga.1989); Associates Fin. Servs. Corp. v. Cowen, 29 B.R. 888, 894 (Bankr.S.D.Ohio 1983). The bankruptcy court disfavored the fact that Lawrence filed the Chapter 7 petition to invoke the protection of the automatic stay after a stay had been denied. Further, the district court opined that Lawrence has been avoiding his creditors since 1984 through abuse of the bankruptcy process.
 
 
 7
 The dissent rightfully states that once a notice of appeal has been filed from a bankruptcy court's ruling, that court loses its jurisdiction to take further action in the case on appeal. However, in this matter, the bankruptcy court consolidated the later-filed Chapter 7 case with the case on appeal. When the debtor appealed that issue to the district court, the district court ratified the bankruptcy court's act of consolidation. As both cases were then in the district court either on appeal or in the adjunct bankruptcy court, they met the criteria of Bankruptcy Rule 1015 ("pending in the same court by ... the same debtor") to allow consolidation.
 
 IV.
 
 8
 A Michigan state probate court determined that Lawrence had committed defalcation of funds of his daughter's estate when it ordered the bonding insurance company to make the estate whole for the funds. The district court referred to this finding, but that does not make the finding appealable in this case, as this court has jurisdiction only over final orders of the district court in bankruptcy appeals. In re Continental Airlines, Inc., 932 F.2d 282, 285 (3d Cir.1991). In addition, whether the bonding insurance company claim was improperly allowed in the Chapter 13 case is not properly raised in this appeal from the consolidation order, as it is the subject of a different case and a different appeal.
 
 
 9
 AFFIRMED.
 
 
 10
 RYAN, Circuit Judge, dissenting.
 
 
 11
 Bankruptcy Rule 1015 mandates that a bankruptcy court may only consolidate "two or more petitions [that] are pending in the same court," (emphasis added), and so makes clear that in order to consolidate two petitions, the bankruptcy court must have jurisdiction over both. Because I believe the bankruptcy court lacked jurisdiction over Lawrence's Chapter 13 petition, and so lacked jurisdiction to consolidate his Chapter 7 petition with it, I respectfully dissent.
 
 
 12
 The majority relies on In re Salem Mortgage Co., 783 F.2d 626 (6th Cir.1986), to conclude that the bankruptcy court had jurisdiction over the Chapter 13 petition. However, Salem involved a district court's subject matter jurisdiction over bankruptcy matters:
 
 
 13
 Subsection (b) grants to the U.S. district courts original, but not exclusive, jurisdiction of all civil proceedings arising under title 11 or arising under or related to cases under title 11. This broad grant of jurisdiction will enable the bankruptcy courts, which are created as adjuncts of the district court for the purpose of exercising the jurisdiction, to dispose of controversies that arise in bankruptcy cases or under the bankruptcy code. Actions that formerly had to be tried in the State court or in the Federal district court, at great cost and delay to the estate, may now be tried in bankruptcy court.
 
 
 14
 Id. at 633 n. 18 (emphasis added) (quoting S.Rep. No. 989, 95th Cong., 2d Sess. 18, reprinted in 1978 U.S.C.C.A.N. 5787, 5804). It is apparent that the language describing the bankruptcy courts as "adjuncts" of the district courts, to which the majority avers, speaks only to the legitimacy of a bankruptcy court's original jurisdiction, and to the peculiarity of the bankruptcy and district court's nonexclusive jurisdiction over non-core proceedings. While this language may make clear that bankruptcy and district courts enjoy a unique relationship, it does not purport to propose that a bankruptcy court be permitted to have lingering jurisdiction over a case that it dismissed, which dismissal has been appealed to the district court. Neither does it explain why that relationship should nullify the rule universally applied to district and appellate court jurisdictions: that the filing of a notice of appeal divests one court of jurisdiction and transfers jurisdiction to the appealed-to court. The special relationship between the bankruptcy and district courts would not make it any more convenient or less chaotic were the two courts to be simultaneously exercising jurisdiction over a case under these circumstances.
 
 
 15
 A few circuits have addressed the question of the bankruptcy court's relationship to the district court, and its effect on the two court's jurisdiction. In In re Combined Metals Reduction Co., 557 F.2d 179 (9th Cir.1977), the Ninth Circuit considered a case in which a district court originally denied a party's motion for permission to file objections to bankruptcy claims, and then vacated its order after the party had perfected his appeal. Although noting "the well-established rule that a bankruptcy court has wide latitude to reconsider and vacate its prior decisions, so long as the proceedings have not been terminated, and no intervening rights have become vested ...," id. at 201, the court of appeals concluded that the bankruptcy court lacked jurisdiction to revisit its order once the order had been appealed. In so doing, the court of appeals explicitly endorsed the application of the general rule regarding loss of jurisdiction to the specific case of bankruptcy courts:
 
 
 16
 The general rule is that once a notice of appeal has been filed, the lower court loses jurisdiction over the subject matter of the appeal.... This rule is clearly necessary to prevent the procedural chaos that would result if concurrent jurisdiction were permitted.
 
 
 17
 Id. at 200 (citations omitted). The court then discussed one party's argument "that a bankruptcy court can vacate its decision even after an appeal thereof has been perfected...." Id. at 201. The court rejected this proposed interpretation:
 
 
 18
 [A]ccepting this view ... would require us to hold that a bankruptcy court and a court of appeals can have concurrent jurisdiction over the subject matter of an appeal. Such a holding would permit bankruptcy courts to divest the courts of appeals of jurisdiction over appeals by the simple expediency used by the district court in the case presently before us. We are of the opinion that no lower court should be able to vacate or modify an order under appeal, not even a bankruptcy court attempting to eliminate the need for a particular appeal.
 
 
 19
 Id. (emphasis added). The Ninth Circuit has, moreover, recently reiterated this holding, citing Combined Metals and employing its reasoning. In re: Adams Apple, Inc., 829 F.2d 1484, 1489 (9th Cir.1987).[1]
 
 
 20
 The Third Circuit, too, has spoken to this issue, and rejected the suggestion that bankruptcy and district courts may possess some commonality of jurisdiction. Main Line Fed. Sav. and Loan Ass'n v. Tri-Kell, Inc., 721 F.2d 904, 906 (3d Cir.1983). In so doing, the court noted that "[t]he procedural morass in this case illustrates the problems created by assertions of concurrent jurisdiction," and emphasized that "in the case before us application of the rule [against concurrent jurisdiction] would promote rather than retard the efficient utilization of the appellate process." Id. at 907.
 
 
 21
 I believe it is appropriate to apply the rule against concurrent jurisdiction in this case, and so would adopt the reasoning of the Ninth and Third Circuits. Dismissing Lawrence's Chapter 7 petition as an abusive filing would have been the direct and appropriate route for the bankruptcy court to take. But by consolidating the petition with an already-dismissed petition, and disposing of it by this more convoluted route, it has simply obscured the issues in this case. Its action attempted to transform the already-pending appeal concerning the Chapter 13 petition into an appeal involving 1) that dismissal; 2) the de facto dismissal of the Chapter 7 petition; and 3) the consolidation of the two cases. And, meanwhile, the bankruptcy court's action caused yet another appeal to be filed, focusing solely on the latter two events.
 
 
 22
 The holding expressed by the majority may wreak unforeseeable havoc by giving the green light to bankruptcy courts to revisit orders over which the district courts have exercised jurisdiction. Because I believe it was improper for the bankruptcy court to exercise jurisdiction over a case when its dismissal had already been appealed to the district court, I respectfully dissent.
 
 
 
 [1]
 Adams Apple came after both the Bankruptcy Reform Act of 1978 and the Bankruptcy Amendments & Federal Judgeship Act of 1984, which Acts made significant changes to bankruptcy court jurisdiction