**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4514
_____

ABDULLAH ROBERT BROWN,

Appellant

v.

WARDEN FAIRTON FCI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 14-cv-00457)
District Judge:  Honorable Jerome B. Simandle
_____

Submitted on a Motion for Summary Dismissal
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 25, 2015

Before: RENDELL, CHAGARES and SCIRICA, Circuit Judges

(Opinion filed: July 2, 2015)
_____

OPINION*
_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Abdullah Brown is currently serving a 240 month term of imprisonment imposed by the United States District Court for the Southern District of New York after being convicted of conspiracy to commit murder in violation of 18 U.S.C. § 1959(a)(5). His projected release date is August 6, 2016. Brown filed a habeas petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of New Jersey, the jurisdiction in which he is confined, seeking an order directing the Bureau of Prisons (BOP) to transfer him to home confinement placement or a "community correctional center (CCC)"[1] pursuant to 18 U.S.C. § 3621(b). The District Court dismissed the petition, and this appeal ensued. Appellee, the Warden at the Federal Correctional Institution at Fairton, N.J., moved for summary dismissal on the ground that the appeal is moot. For the reasons that follow, we will grant the motion for summary dismissal.

Brown's challenge to the BOP's failure to transfer him to an RRC lies under § 2241, see Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 243-44 (3d Cir. 2005); accordingly, no certificate of appealability is required to appeal, see Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009). We have jurisdiction under 28 U.S.C. §§ 1291 & 2253(a).

---

[1] In 2006, the BOP began referring to "Community Corrections Centers" as "Residential Reentry Centers" ("RRCs"), a term we will use henceforth in this opinion.

2

There are two statutory provisions which govern the BOP's authority to place prisoners in RRCs. The BOP has *discretion* under § 3621(b) to permit a prisoner to serve all or part of his sentence in an RRC. In contrast, pursuant to the Second Chance Act, 18 U.S.C. § 3624, the BOP "shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months) under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." The BOP issued guidance directing that inmates be reviewed for pre-release RRC placements 17-19 months before their projected release dates. We have noted that the BOP's discretionary authority under § 3621(b) is not limited by the temporal references in § 3624(c). Woodall, 432 F.3d at 250-51. Accordingly, under § 3621(b), the BOP may place a prisoner into an RRC at any point during the term of imprisonment.

In his § 2241 petition, filed in January 2014, Brown alleged that he was being "deprived of [his] liberty interest" because the BOP had failed to exercise its authority pursuant to § 3621(b) to transfer him to an RRC. In March 2014, Brown submitted an affidavit indicating that the BOP had denied his request for a transfer on February 21, 2014. A copy of that decision, which was attached to the affidavit, essentially concluded that Brown's request for RRC placement under § 3624(c) was premature and that, "[i]n addition," he was not eligible for RRC placement under § 3621(b). The Warden filed a

3

response to the petition[2] and Brown filed a motion for summary judgment. The District

Court denied the motion for summary judgment and dismissed the petition, holding that

Brown had no liberty interest in his RRC placement, see Powell v. Weiss, 757 F.3d 338,

343 (3d Cir. 2014) (a prisoner has no liberty interest "in his anticipated transfer to a

community correctional center"), and that he was not yet entitled to consideration under

§ 3624(c).    On appeal, Brown argues that the District Court erred in dismissing his

petition because the BOP failed to consider his request for placement pursuant to §

3621(b), which does not impose temporal limits on RRC placement. In his motion for

summary dismissal, the Warden argues that the appeal is moot because Brown was

considered for RRC placement. We agree.

Because the decision to transfer a prisoner pursuant to § 3621(b) is discretionary,

the appropriate remedy for Brown's § 2241 petition would be "an order requiring the

BOP to consider – in good faith – whether or not [he] should be transferred to a[n RRC]"

pursuant to § 3621(b). Woodall, 432 F.3d at 251 ("[T]hat the BOP may assign a prisoner

---

[2] In his response, the Warden asserted that Brown's affidavit was not part of the habeas petition and therefore not properly before the Court. The District Court appears to have considered the affidavit as an amendment to the petition, as it addressed, in part, the issues raised by the affidavit in its opinion. See Fed. R. Civ. P. 15(a)(1); see also Mayle v. Feliz, 545 U.S. 644, 655 (2005) ("Before a responsive pleading is served, pleadings may be amended once as a 'matter of course,' i.e., without seeking court leave."). The Warden further argued that the issue the affidavit raised with respect to a transfer pursuant to § 3621(b) was unexhausted. He nevertheless stated that Brown "has exhausted his administrative remedies with respect to this request to be placed in an RRC or home confinement." It appears from the record that Brown has requested RRC placement only pursuant to § 3621(b). Because we conclude that the appeal is moot, we need not address the exhaustion issue.

4

to a CCC does not mean that it must."). But, Brown received this individualized determination on February 21, 2014. In denying his request for RRC placement on that date, the Unit Team indicated that, "in addition" to the matter being premature under the Second Chance Act, Brown was not *then* ready for RRC placement: "[Y]our current designation is appropriate. . . . Therefore, your request to be transferred to an RRC *at this time* is denied." (Emphasis added). Accordingly, because there is no further relief available, the appeal is moot.[3] Main Line Fed. Sav. & Loan Ass'n v. Tri-Kell, Inc., 721 F.2d 904, 907 (3d Cir. 1983) ("the determination that a case is moot requires that there be nothing gained by reaching a decision."); County of Morris v. Nationalist Movement, 273 F.3d 527, 533 (3d Cir. 2001) ("The mootness doctrine is centrally concerned with the court's ability to grant effective relief").

Because we conclude that this appeal is moot, we will grant Appellee's motion for summary dismissal. See 3d Cir. LAR 27.4 & I.O.P. 10.6. Brown's motion for a temporary restraining order (TRO) pursuant to Fed. R. Civ. P. 65 is denied.[4]

---

[3] On October 8, 2014, the BOP determined, pursuant to § 3624(c), that a limited placement of 241-270 days in an RRC is appropriate for Brown, who is now nearing the last 12 months of his sentence. The BOP exercises it authority, subject to abuse of discretion, to determine individual prisoner RRC placements by applying five factors set forth in § 3621(b) and a sixth factor pursuant to 42 U.S.C. § 17541. See Vasquez v. Strada, 684 F.3d 431, 434 (3d Cir. 2012). The BOP indicated it considered each of these factors in making this determination.

[4] Brown seeks a TRO "against the appellee's (sic) to transfer [him] under 18 U.S.C. § 3621(b) to either of New York City's RRC's or directly to Home Confinement." As we noted, such a decision is within the BOP's discretion. To the extent Brown's motion



raises due process violations which were not before the District Court, we decline to address them.